STATE *v.* ALGRID A. PETKUS.

September 8, 1970.

*George S. Pappagianis,* Attorney General, and *Thomas B. Wingate,* Assistant Attorney General ( *Mr. Wingate* orally ), for the State.

*Alexander J. Kalinski* ( by brief and orally ), for the defendant.

LAMPRON, J. Appeal from a conviction for operating a motor vehicle on a public way under the influence of intoxicating liquor. RSA 262-A:62. Defendant's exceptions to the denial of his motions to suppress evidence, for a directed verdict, and to set aside the verdict of guilty were reserved and transferred by *Griffith,* J.

Defendant was stopped by a police officer while operating his motor vehicle in a northerly direction on Union Street in Manchester on March 1, 1968. He was placed under arrest and taken to police headquarters where a sample of his blood was taken which on analysis showed an alcohol content of .24 percent by weight.

After a hearing before trial on defendant's motion to suppress any evidence relating to the blood test and its result on the ground that he was denied his right to counsel prior to the taking, the trial court made the following findings and ruling:

"The Court finds that the defendant was properly warned of his rights [*Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602] at the time of the arrest, and notified of his right to counsel, that he did not request counsel although he was notified both at the scene of the arrest and at the station when he was first brought in . . . . That subsequent to this he consented to giving blood under the implied consent law after it was properly explained to him [RSA 262-A:69-c]. That when he was brought from the cell for the purpose of the technician taking his blood, at that time he objected to a technician taking his blood and stated that he would like to consult his attorney prior to the blood being taken. At that time Officer Durant informed him that the technician was qualified to take the blood and that he would not permit him at that time to call his attorney until after the blood had been taken as blood was supposed to be taken as soon after his arrest as was possible. He had originally been arrested at some five or ten minutes after midnight, and it was now 12:50. On the basis of this finding, the Court finds that the blood test was not improperly taken, that he did properly consent to its being taken, and it will be admitted subject to the exception of the defendant. "

The defendant was in custody under a lawful arrest when a blood sample was taken from him and he does not contend that this constituted an unlawful search and seizure under the fourth and fourteenth amendments of the Federal Constitution. *Schmerber* v. *California,* 384 U.S. 757, 767-72, 16 L. Ed. 2d 908, 917-20, 86 S. Ct. 1826, 1833-836; *State* v. *Davis,* 108 N.H. 45, 226 A.2d 873. Nor did the taking violate defendant's privileges under the fifth amendment. *Schmerber* v. *California, supra* at 760-65; *People* v. *Mulack,* 40 Ill. 2d 429, 240 N.E.2d 633. Hence the issue presented is whether under the provisions of the sixth amendment a meaningful exercise of the options granted to the defendant under the implied consent law ( RSA 262-A:69-a-j ) required consultation with counsel and advice as to the alternatives facing him.

The sixth amendment which provides that in all criminal prosecutions the accused shall enjoy the right to have the assistance

of counsel for his defense has been construed to apply to critical stages of the proceedings. *Powell* v. *Alabama,* 287 U.S. 45, 69, 77 L. Ed. 158, 170, 53 S. Ct. 55, 64; *United States* v. *Wade,* 388 U.S. 218, 224, 225, 18 L. Ed. 2d 1149, 1156, 87 S. Ct. 1926, 1931; *Coleman* v. *Alabama,* 399 U.S. 1, 90 S. Ct. 1999. Under it the presence of counsel has been held required at a post-indictment line-up. *United States* v. *Wade supra.* The fact that such a confrontation "is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial" was given as a basis for the decision. *Id.* at 228, 18 L. Ed. 2d at 1158, 87 S. Ct. at 1933.

However, the Court recognized the existence of differences between such a confrontation and "various other preparatory steps, such as systematized or scientific analyzing of the accused's fingerprints, *blood sample,* clothing, hair, and the like . . . which preclude such stages being characterized as critical stages at which the accused has the right to the presence of his counsel." *Id.* at 227, 18 L. Ed. 2d at 1158, 87 S. Ct. at 1932. (Emphasis added). The Court stated further that: "Legislative or other regulations . . . which eliminate the risks of abuse . . . may also remove the basis for regarding the stage [line-up] as 'critical' ". *Id.* at 239, 18 L. Ed. 2d at 1164, 87 S. Ct. at 1938. The taking of a handwriting exemplar in the absence of counsel was held not to deny defendant's right under this amendment because of a minimal risk that the absence of counsel might derogate from his right to a fair trial. *Gilbert* v. *California,* 388 U.S. 263, 267, 18 L. Ed. 2d 1178, 1183, 87 S. Ct. 1951, 1953.

The trial court was warranted finding on the evidence in the present case that the implied consent law "was properly explained to [the defendant]." RSA 262-A:69-c provides in part as follows: "Prerequisites to Tests. Before any test specified in section 69-a is given, the law enforcement officer shall (1) inform the arrested person of his right to have a similar test or tests made by a person of his own choosing, (2) afford him an opportunity to request such additional test, and (3) inform him of the consequences of his refusal to permit a test at the direction of the law enforcement officer." A defendant does not require a lawyer's advice to understand or avail himself of the right to have a blood test made by a person of his own choosing. To give blood or refuse and be subjected to revocation of his license for 90 days (RSA 262-A:69-e) is a decision not much different than that of deciding whether or not to furnish officers an exemplar of defendant's

handwriting. *Gilbert* v. *California*, 388 U.S. at 267, 18 L. Ed. 2d at 1183, 87 S. Ct. at 1953.

Furthermore our statute ( RSA 262-A:69-i ) and our decisions ( *State* v. *Gallant*, 108 N.H. 72, 227 A.2d 597; *State* v. *LaFountain*, 108 N.H. 219, 231 A.2d 635; *State* v. *Groulx*, 109 N.H. 281, 249 A.2d 690 ) provide that a defendant's blood will be taken, handled and analysed in such a manner as to insure that the test and results will not be " riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial. " *United States* v. *Wade*, 388 U.S. 218, 228, 18 L. Ed. 2d at 1158, 87 S. Ct. at 1933. Also the techniques involved in such a test are sufficiently established and the variables in techniques few enough so that the defendant has the opportunity for " a meaningful confrontation " of the State's case at trial. *United States* v. *Wade, supra* at 227, 18 L. Ed. 2d at 1158, 87 S. Ct. at 1932; *Gilbert* v. *California*, 388 U.S. at 267, 18 L. Ed. 2d at 1183, 87 S. Ct. at 1953; *Cf. Schantz* v. *Eyman*, 418 F.2d 11 ( 9th Cir. 1969 ).

We hold that the decisions to be made by an accused under our implied consent law are not essentially " a lawyer's decision " ( *Schantz* v. *Eyman, supra* at 14 ) but, on the contrary, can be made by a defendant in the absence of the assistance of counsel without any substantial prejudice to his rights under the sixth amendment. *Gilbert* v. *California supra; Coleman* v. *Alabama*, 90 S. Ct., 1999, 2002. *See State* v. *Kenderski*, 99 N. J. Super. 224, 229-30, 239 A.2d 249, 251-52; *Finley* v. *Orr*, 262 Cal. App. 2d 656, 663-64; 69 Cal. Rptr. 137, 141-42; *Janusch* v. *Department of Motor Vehicles*, 80 Cal. Rptr. 726, 728 ( Cal. App. 2d 1969 ). In other words we hold that the taking of defendant's blood under the implied consent law ( RSA 262-A:69-a ) was not a " critical " stage of the criminal proceeding requiring the assistance of counsel " to preserve defendant's basic right to a fair trial. " *Coleman* v. *Alabama supra*. The trial court properly ruled that the results of the test of defendant's blood were admissible in evidence at the trial.

Counsel for the parties had stipulated before trial that Union Street in Manchester was a public highway. The agreement was not stated in open court and the State rested its case without entering the stipulation in evidence. Defendant moved for a dismissal on that ground. The court permitted the State to reopen solely for the purpose of stating the agreement in the presence of the jury and denied defendant's motion to dismiss. He con-

tends that this was error and placed him in double jeopardy.

Decision to permit the State to reopen in this situation rested in the discretion of the trial court. *State* v. *Menke* 25 N.J. 66, 135 A.2d 180; *State* v. *Burbank,* 156 Me. 269, 278, 163 A.2d. 639, 643-44; *United States* v. *Glass,* 421 F.2d 832, 833 ( 9th Cir. 1969 ). *See Ricker* v. *Mathews,* 94 N.H. 313, 316, 53 A.2d 198; *Sargent* v. *Janvrin,* 109 N.H. 66, 68, 242 A.2d 73, 75. We find no abuse of discretion in the court's action. Nor did it place the defendant in double jeopardy as he was not being tried a second time for the same offense. *State* v. *Smith,* 98 N.H. 149, 95 A.2d 789; *Rhyne* v. *United States,* 407 F.2d 657, 661-62 ( 7th Cir. 1969 ); *Morgan* v. *United States,* 380 F.2d 687, 703 ( 9th Cir. 1967 ); 5 Crim. L. Bull. 375 ( 1969 ).

*Exceptions overruled.*

GRIFFITH, J., did not sit; the others concurred.