Strafford
No. 85-202

## The State of New Hampshire

v.

## Helen Greene

July 17, 1986

*Stephen E. Merrill,* attorney general (*Tina Schneider,* assistant attorney general, on the brief and orally), for the State.

*Craig F. Evans*, of Durham, by brief and orally, for the defendant.

JOHNSON, J.   This interlocutory transfer without ruling from the Superior Court (*Nadeau*, J.) concerns a motion to suppress the results of an intoximeter 3000 breath sample test. We hold that the motion to suppress should be denied.

The defendant presents the following questions for review: (1) whether a defendant has a statutory right under RSA 594:16, I (Supp. 1983) to consult with counsel prior to deciding whether to take or refuse to take a breath test under the implied consent law, RSA 265:84 (Supp. 1985); and (2) whether the point at which a defendant must decide to take or to refuse to take a breath test is a "critical stage" entitling a defendant to consult with counsel under the fourteenth amendment to the United States Constitution or under part I, article 15 of the New Hampshire Constitution. We answer each question in the negative and remand.

At approximately 8:00 p.m. on May 23, 1984, the defendant, Helen Greene, was driving on Broadway Street in Dover, when her car collided with another vehicle. The Dover police were called to investigate the accident, and the responding officer observed the defendant still sitting in her car on Broadway Street. The defendant claimed that the other car had pulled out in front of her, but the officer concluded from his investigation that the defendant's car had hit a parked vehicle.

The investigating officer requested that the defendant perform field sobriety tests at the scene of the accident. Upon concluding that the defendant had failed these tests, the officer placed her in a police cruiser. He advised her that she was under arrest for violating RSA 265:82 (Supp. 1985) and informed her of her *Miranda* and implied consent rights.

The defendant testified that she requested an opportunity to speak with her attorney after her arrest. She was advised by the officer that she was not entitled to do so before deciding whether to take a breath test, and that he would request that she take the test when she arrived at the police station.

The defendant was taken to the booking room of the Dover police station for administration of the breath test. She asserted that at that time she again asked to speak with her attorney, but was not allowed to do so until after she took the test. There is disagreement between the defendant and the arresting officer about the number of times the defendant requested to speak with her attorney prior to the administration of the test.

When the defendant finally agreed to take the breath test, there

were two attempts to administer the test to her. The first attempt was thwarted because the defendant was chewing gum, which contaminated her breath and would have produced an invalid test result. The second attempt purported to give valid results, and the defendant seeks to suppress the results of that test. After the second test was completed at 9:31 p.m., the defendant was allowed to call her attorney and she was able to reach him at home. Approximately an hour and a half passed between the arrest and the taking of the second breath sample.

First, we consider the defendant's initial assertion that she has a statutory right to consult with counsel prior to taking a breath test pursuant to the State's implied consent law, RSA 265:84 (Supp. 1985). As support for her argument, the defendant relies on RSA 594:16, I (Supp. 1983), which provides that an "officer in charge of a police station shall permit the prisoner to confer with his [or her] attorney at all reasonable times." The statute does not confer a specific right to consult with counsel prior to taking a chemical test to determine blood alcohol content, but it does provide an opportunity for a defendant to speak with counsel at *reasonable* times.

We have recognized that the passage of time reduces the reliability and effectiveness of blood alcohol tests. *State v. Schneider*, 124 N.H. 242, 245, 470 A.2d 887, 889 (1983). RSA 265:85, III (Supp. 1983) requires that "[t]ests of the arrested person's breath, to be considered valid under the provisions of this chapter, shall have been performed . . . according to methods approved by the director of the division of public health services . . . ." The regulations require that the defendant be observed for twenty minutes by the certified operator of the intoximeter to make certain that the defendant's breath is not contaminated in any way. N.H. ADMIN. RULES, He-P 2206.02. Hence, the testing procedure itself results in some delay. In the usual case, if a defendant is allowed to take the time to contact an attorney before the observation period and the performance of the test, the purpose of the test may be frustrated by the resulting delay because the police could not maintain close observation of a defendant without interfering with the attorney-client relationship. We hold that no statutory right to counsel was violated by the denial of an opportunity to contact counsel in this DWI case.

The next question is whether the defendant had a constitutional right under the State or Federal Constitution to consult with counsel before deciding whether to take the breath test. The defendant argues that the time for taking a chemical test to determine blood alcohol content is a "critical stage" in the criminal proceedings, entitling her to counsel under the fourteenth amendment to the United

States Constitution or part I, article 15 of the New Hampshire Constitution. We first address the State constitutional issue. *See State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983).

■ We have held that the advice of counsel is not constitutionally required when a person has to make a choice concerning the taking of a blood alcohol content test under the implied consent law. *State v. Petkus*, 110 N.H. 394, 397, 269 A.2d 123, 125 (1970), *cert. denied*, 402 U.S. 932 (1971) (decided under the Federal Constitution). The defendant argues, however, that the situation has been elevated to a "critical stage" in criminal proceedings due to the enactment of RSA 265:88-a (Supp. 1985) making a refusal to take the test admissible into evidence and our upholding of that statute in *State v. Cormier*, 127 N.H. 253, 499 A.2d 986 (1985). We do not find this argument persuasive.

In *Petkus*, "critical stage" was defined as the point at which the assistance of counsel is necessary to protect a defendant's right to a fair trial. The point at which a defendant must make a choice under the implied consent law was held not to be a "critical stage." 110 N.H. at 397, 269 A.2d at 124. *See Coleman v. Alabama*, 399 U.S. 1 (1970). We further held in *Petkus* "that the decisions to be made by an accused under our implied consent law are not essentially 'a lawyer's decision' but, on the contrary, can be made by a defendant in the absence of the assistance of counsel without any substantial prejudice to . . . rights under the sixth amendment." *Id.* at 397, 269 A.2d at 125 (citations omitted). The defendant here argues that since the enactment of RSA 265:88-a (Supp. 1985) changed the law so as to allow a defendant's refusal to take the test to be admitted into evidence, the choice whether or not to take the blood alcohol test has greater significance and the point at which the choice must be made is, therefore, a "critical stage."

■ The defendant's choice to take a test or not was no more a lawyer's decision when this arrest occurred than when *Petkus* was decided. We conclude that the assistance of counsel in making the decision to take or not to take a blood alcohol test under the implied consent law was not necessary in this DWI case to protect the defendant's right to a fair trial and, therefore, hold that the point at which that choice had to be made in this case was not a "critical stage" requiring such assistance.

In deciding this case, we express no opinion as to whether there may be a right to the advice of counsel where the potential DWI violation may result in a more serious loss of liberty for the defendant, such as where a death has occurred in connection with the DWI arrest.

Since the Federal Constitution affords no greater protection than our State Constitution, we need not consider the federal constitutional protections. *See State v. Ball,* supra at 231–32, 471 A.2d at 350–51.

In view of our holding that the defendant in this case had no right to consult with counsel before taking the breath test, we need not consider her argument that the refusal of her request to consult with counsel is a sufficient basis for suppression and exclusion of the results of the breathalyzer test.

The motion to suppress should be denied, and we remand for trial.

*Remanded.*

All concurred.