Goffstown District Court
No. 87-415

# THE STATE OF NEW HAMPSHIRE

v.

# KENNETH SYMONDS

April 7, 1989

*Stephen E. Merrill*, attorney general (*William H. Lyons*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. This is an appeal by the State, pursuant to RSA 606:10, II(a), of an order by the Goffstown District Court (*Pingree, J.*) suppressing the results of Kenneth Symonds' breath test because the police had destroyed a second breath sample. The State asserts that the trial court erred in suppressing the results of the State's breath test, because the police acted in conformance with the implied consent procedure by informing the defendant that he had thirty days to retrieve the second sample, and that if the sample was not retrieved in that time period it would be destroyed. For the reasons that follow, we reverse the Goffstown District Court's suppression of Symonds' breath test and remand.

On May 10, 1987, the defendant was arrested for driving while under the influence. He was informed of his implied consent rights, and signed a form indicating that he understood those rights. The implied consent form stated that the defendant has a right to obtain a second breath sample from the police department, and that if he did not obtain this second sample within thirty days it would be destroyed.

The defendant agreed to take, and took, a blood alcohol test which resulted in a reading of .22 percent. He was charged with aggravated driving while intoxicated, a misdemeanor, for having 20/100 percent or more by weight of alcohol in his blood, RSA 265:82-a, III (Supp. 1988), and was arraigned on June 4, 1987. A notice of appointment was sent by the district court to the New Hampshire public defender program on June 9, 1987, and was received by that office on June 11, more than thirty days after the defendant took the breath test. The next day, the public defender mailed a notice to the police requesting preservation of the second breath sample. On June 15, counsel learned that the police had already destroyed the second sample because the thirty-day time period had expired.

The defendant filed a motion to suppress the results of the breath test administered to him by the Goffstown police. In the district court the defendant argued, as he does here, that he had a constitutional due process right to the second sample, and that his right to the second sample was of paramount importance because

the test result was an element of the crime. He further argued that he was denied effective assistance of counsel because the court's delay in appointing counsel for him resulted in the destruction of the second sample.

 The district court granted the defendant's motion to suppress the results of the State's breath test, ruling that:

"Although it is the statutory duty of the defendant to obtain the second sample . . . , the defendant had a reasonable right to expect that after June 4, 1987, when counsel was appointed that counsel would obtain the sample. Justice requires that being denied the only viable defense, the motion be granted, and all evidence of the [breath test] be suppressed."

We will not overturn the district court's ruling unless it is erroneous as a matter of law. *See State v. Chaisson*, 125 N.H. 810, 814, 486 A.2d 297, 300 (1984).

The State first asserts error on the ground that the implied consent procedure adhered to was not fundamentally unfair because the defendant had been adequately warned that the second sample would be destroyed after thirty days. The State also contends that, because the defendant is not entitled to counsel when deciding whether to submit to the blood alcohol test, counsel was not required when deciding whether to retrieve the second sample, and therefore, the test results should not have been suppressed.

 In this case we are asked to determine whether the police procedure violates due process under part I, article 15 of the State Constitution. Accordingly, we look to fundamental fairness to determine whether the defendant's due process rights were violated. *State v. Denney*, 130 N.H. 217, 220, 536 A.2d 1242, 1243 (1987). Was it fundamentally unfair to destroy the second breath sample after thirty days when the defendant had not yet been appointed counsel? A fundamentally unfair adjudicatory procedure is one, for example, that gives a party a significant advantage or places a party in a position of prejudice or allows a "party to reap the benefit of his own behavior in placing his opponent at an unmerited and misleading disadvantage." *See State v. Denney*, 130 N.H. at 228, 536 A.2d at 1248 (Souter, J., dissenting).

We hold that the police procedure, as applied to the defendant, is not fundamentally unfair. Both parties agree that a second sample of his breath was preserved. *See State v. Cornelius*, 122 N.H. 925, 452 A.2d 464 (1982). The parties further agree that the implied consent form signed by the defendant stated that the defendant was

entitled to a second sample and that he had thirty days in which to retrieve it or it would be destroyed. Because the defendant was provided adequate notice of his right to a second sample and was given notice of the thirty-day time limit in which to claim that sample for testing, there is nothing in the record which indicates that the procedure followed by the police was fundamentally unfair. The defendant, however, asks us to consider other factors or circumstances in determining whether the procedures used in this case deprived him of his due process rights under the State Constitution.

■ The defendant initially directs us to the fact that his legal counsel received notice of his appointment by the court after the thirty-day retrieval period had run and argues, therefore, that the fairness of the thirty-day time period was seriously undermined by the inability of defense counsel to protect his client's rights. The defendant, however, is forced to argue this position in the face of our prior holding that a defendant is not entitled, under part I, article 15 of our State Constitution, to the assistance of counsel when making the decision to submit to a breath test. *State v. Greene*, 128 N.H. 317, 320, 512 A.2d 429, 432 (1986). Accordingly, if the assistance of counsel is not consitutionally required when determining whether or not to take the test, certainly it is not a "lawyer's decision" whether the defendant should perform the ministerial act of retrieving the sample. Therefore, because the defendant is not entitled to counsel, the delay in appointing counsel cannot be a consideration in determining fundamental fairness.

The defendant next argues that because blood alcohol content is an element of the offense itself, rather than simply evidence of the offense, the State has a greater burden to preserve a second sample. Furthermore, the defendant alleges that without a second sample, the State has a monopoly on the evidence. Thus, argues the defendant, the thirty-day limit must be tested with those factors in mind.

■ The distinction the defendant draws between evidence which is an element of a crime and evidence of the offense itself is unavailing to our due process determination. The significance of the evidence does not alter our determination that the procedure followed by the police was not fundamentally unfair. *See State v. Jenkins*, 128 N.H. 672, 675, 517 A.2d 1182, 1184 (1986) (Court held that due process did not require that individuals be apprised of the possibility that by submitting to a chemical test for intoxication they may be charged with an enhanced offense based solely on the

test result. In applying a due process analysis, the court did not distinguish between evidence that was an element of the crime, and evidence of the crime.). Assuming the importance of the evidence, which the defendant argues, the defendant has failed to demonstrate how the thirty-day period was fundamentally unfair as applied to him. We first note that the destroyed breath sample is not itself evidence that would be produced at trial; rather, the evidence to be presented at trial is the test result obtained from the breath sample. *See California v. Trombetta*, 467 U.S. 479, 488 (1984) (fourteenth amendment of the United States Constitution does not require preservation of second breath sample). This is evidence which the defendant had every opportunity to obtain, but which he failed to obtain by allowing the thirty-day period to expire after he was fully informed that the sample would be destroyed after thirty days. Accordingly, even considering the importance of this evidence, we hold that the procedure as applied to the defendant in this instance was not fundamentally unfair.

As to the defendant's second contention, we note that the test result does not have a "monopoly on probative value," as the defendant contends by his mistaken reading of *State v. Martin*, 125 N.H. 672, 676, 484 A.2d 1176, 1179 (1984). As the United States Supreme Court has noted:

> "Even if one were to assume that the Intoxilyzer results . . . were inaccurate and that breath samples might therefore have been exculpatory it does not follow that the [defendants] were without alternative means of demonstrating their innocence."

*See California v. Trombetta*, 467 U.S. at 490. The defendant may raise a plethora of attacks upon the State's evidence, *e.g.*, machine malfunction, faulty calibration, extraneous interference, and operator error, without having to resort to the breath sample. *See id.* Accordingly, the district court's finding that the defendant was denied the only viable defense, and the defendant's assertion that the State's test results are tantamount to a conviction, are erroneous.

■ For these reasons, we hold that the circumstances of this case do not, as a matter of law, provide a sufficient legal basis upon which the implied consent procedure, which permitted the destruction of the breath sample after thirty days, could be found to be fundamentally unfair under part I, article 15 of our State Constitution.

The defendant also raises the issue of whether the destruction of his breath sample after thirty days deprived him of effective assistance of counsel in violation of part I, article 15 of the New Hampshire Constitution and the sixth amendment of the United States Constitution. In support of his argument, the defendant again asserts that destroying the second breath sample gave only the State the opportunity to conduct a test, thereby undercutting defense counsel's ability to recreate or corroborate the scientific test. We begin, as we must, by first making an independent analysis of the protection afforded under the New Hampshire Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using decisions of the United States Supreme Court and other jurisdictions only as guides in our analysis. *See Michigan v. Long*, 463 U.S. 1032, 1041 (1983).

We do not agree with the defendant that the State's destruction of the breath sample, prior to the appointment of counsel, denied the defendant the effective assistance of counsel. As noted above, the decision to take a breath test under the implied consent law is not a "critical stage" of the criminal proceeding requiring the assistance of counsel. *Greene*, 128 N.H. at 320, 512 A.2d at 432. Accordingly, it would be illogical to conclude that a lawyer's assistance is essential to the ministerial act of retrieving the sample from the police. Because the decision whether to retrieve the sample was clearly the defendant's, and because the defendant was not entitled to the assistance of counsel in making that decision, the defendant must be bound by his decision not to retrieve the sample. Furthermore, as we noted earlier, the defendant still has many arrows in his quiver with which to challenge the State's evidence. We hold, therefore, that the defendant's right to effective assistance of counsel under part I, article 15 of our State Constitution has not been violated; and because the sixth amendment of the United States Constitution provides no greater protection, we need not address his claim thereunder. *See California v. Trombetta*, 467 U.S. at 491; *State v. Greene*, 128 N.H. at 320, 512 A.2d at 432; *State v. Petkus*, 110 N.H. 394, 397, 269 A.2d 123, 125 (1970), *cert. denied*, 402 U.S. 932 (1971).

Having found that the implied consent procedure followed is constitutional and that the trial court erred in suppressing the State's test results, it is unnecessary for us to address the State's contention that statutory changes since *Cornelius*, reflected in RSA 265:86 (Supp. 1988), have eliminated the rationale underlying *Cornelius*.

In conclusion, we hold that as a matter of law, neither the defendant's due process right under the State Constitution nor his right to effective assistance of counsel under the Federal or State Constitutions has been violated, and we accordingly reverse the district court's ruling and remand.

*Reversed and remanded.*

All concurred.