Coos
No. 92-073

THE STATE OF NEW HAMPSHIRE

v.

RONALD H. DELISLE

August 25, 1993

*Jeffrey R. Howard*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief), by brief for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, by brief for the defendant.

THAYER, J.   The defendant, Ronald H. Delisle, appeals his convictions on the ground that he was denied the right to confer with

counsel before a blood sample was taken from him. Because we hold that the defendant had no right to confer with counsel prior to the taking of the blood sample, we affirm.

On April 3, 1990, the defendant was arraigned and charged with kidnapping and aggravated felonious sexual assault. Counsel was appointed for the defendant on the same day. On April 26, the State police obtained a search warrant to seize body hairs and a blood sample from the defendant. After the warrant was read to the defendant, he asked to speak with his attorney before being transported to the hospital where the samples were to be taken. This request was denied. Semen belonging to a person with type O blood was found on the victim's sweater. The results of the blood test showed that the defendant had type O blood.

The defendant argues that the Superior Court (*Perkins*, J.) should have granted his motion to suppress the results of the blood test because his counsel was not notified that the police were executing the warrant, and because he was not allowed to confer with counsel before the blood sample was taken. The defendant contends that admitting the blood test results into evidence violated his right to counsel under part I, article 15 of our State Constitution and the sixth amendment to the Federal Constitution. We rely on the State Constitution in our analysis and will reach the federal claim only if the Federal Constitution affords greater protection. *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

A defendant's right to assistance of counsel attaches "by virtue of the commencement of formal criminal proceedings." *State v. Bruneau*, 131 N.H. 104, 108, 552 A.2d 585, 587–88 (1988). After the right to counsel has attached, a defendant is entitled to assistance of counsel at "critical stages" of criminal proceedings. *State v. Greene*, 128 N.H. 317, 320, 512 A.2d 429, 431 (1986). The defendant contends that the execution of a warrant to seize blood is a critical stage of a criminal proceeding, thus entitling him to assistance of counsel before the blood sample is taken. We disagree.

The assistance of counsel is provided at critical stages of criminal proceedings in order to preserve a defendant's right to a fair trial. *See State v. Petkus*, 110 N.H. 394, 397, 269 A.2d 123, 125 (1970), *cert. denied*, 402 U.S. 931 (1971). In *Petkus*, we held that the taking of a defendant's blood under the implied consent law, currently found at RSA 265:84 (Supp. 1992), was not a critical stage of criminal proceedings requiring the assistance of counsel. *Id.* "[D]ecisions to be made by an accused under our implied consent law are not

essentially 'a lawyer's decision' but, on the contrary, can be made by a defendant in the absence of the assistance of counsel without any substantial prejudice to [the accused's] rights under the sixth amendment." *Id.* (citation omitted).

We reaffirmed *Petkus* in *State v. Greene*, where we based our decision on the State Constitution, and held that "the assistance of counsel in making the decision to take or not to take a blood alcohol test under the implied consent law was not necessary in this DWI case to protect the defendant's right to a fair trial." *Greene*, 128 N.H. at 320, 512 A.2d at 432. We expressed no opinion as to whether there may be a right to counsel in a DWI case where there had been a fatality, potentially resulting in a loss of liberty for the defendant. *Id.* The defendant relies on this dicta to argue that because he faced a felony conviction, the "search of his anatomy" became a critical stage in the criminal proceedings against him.

■   The fact that the defendant faced a felony conviction does not transform the taking of a sample of his blood into a critical stage of the proceedings. The defendant, unlike Petkus and Greene, had no choice as to whether he would provide the State with a blood sample. That decision was made by the magistrate who found probable cause for the seizure of the defendant's blood; the defendant has not appealed that finding here. We fail to see the utility of requiring the assistance of counsel before a court-ordered blood sample is taken. Even if the police had allowed Delisle to confer with his attorney before taking him to the hospital, there is little that the attorney could have said or done in furtherance of Delisle's right to a fair trial. Counsel was certainly not in a position to advise Delisle not to submit to blood sampling.

■■   The defendant also contends that finding a constitutional right to confer with counsel before a court-ordered blood test is consistent with RSA 594:16 (1986), which provides that prisoners shall be permitted to confer with counsel "at all reasonable times." We find the legislature's decision to provide certain protections by statute to be of little assistance in construing constitutional provisions. The defendant's final contention is that, unlike testing a person's blood or breath to determine alcohol content, there is no immediate need to execute a warrant to seize a blood sample, thereby allowing ample time for a defendant to confer with counsel before taking the blood sample. The fact that a defendant has ample time to confer with counsel does not mean his desire to do so is constitutionally protected.

Having found no violation of a right afforded by the State Constitution, and noting that the Federal Constitution provides no greater protection, *see United States v. Wade*, 388 U.S. 218, 227–28 (1967), we affirm the defendant's convictions. We note, however, that since the defendant was already before the superior court, the preferred procedure for obtaining this evidence would have been by motion before the superior court.

*Affirmed.*

All concurred.