Portsmouth District Court
No. 94-110

## THE STATE OF NEW HAMPSHIRE

v.

## GEORGE D. WINSLOW

October 24, 1995

*Jeffrey R. Howard,* attorney general (*Patrick E. Donovan,* assistant attorney general, on the brief and orally), for the State.

*John M. English,* of Concord, on the brief and orally, for the defendant.

BATCHELDER, J. After a summary bench trial, the Portsmouth District Court (*Lawrence,* J.) convicted the defendant, George D. Winslow, of driving while intoxicated (DWI), second offense. On appeal, the defendant asserts that the trial court erred in denying his motion to suppress the results of a breathalyzer test. The defendant argues that the police failed to afford him an opportunity to obtain an independent blood test as required by RSA 265:87 (1993), thereby denying him his right to due process under the New Hampshire Constitution. We affirm.

On August 8, 1993, Raymond Police Officer Rosemary Millard arrested the defendant for driving while intoxicated. The officer took the defendant to the police station, where she read the defendant his *Miranda* rights, *see Miranda v. Arizona,* 384 U.S. 436 (1966), and his rights as described in the State of New Hampshire Administrative License Suspension (ALS) Rights/Violations and Misdemeanors form issued by the department of safety, division of motor vehicles.

Officer Millard asked the defendant if he would consent to the administration of a breath test and advised him that he had the right to take a similar test administered by a person of his choosing and at his own expense. The defendant indicated that he understood his rights, signed the ALS form, and consented to the administration of a breath test. He also stated that he wanted to take an independent blood test at his own expense. The officer told him that he would be given the opportunity to take such a test after he completed the breath test.

The breath test revealed that the defendant had a blood-alcohol concentration of .21. Officer Millard gave the defendant a sample of the breath test, and he was processed and booked pending the arrival of a bail commissioner. Prior to booking, the defendant asked, "When am I going to be able to get the blood test?" An unidentified officer replied, "We are not a taxi service." The bail commissioner subsequently set bail at $1,000.

After booking the defendant, the police provided him with access to a telephone. He made two unsuccessful attempts to contact third parties to assist him in making bail and arranging transportation for an independent blood test. The defendant complained at the time that the telephone permitted only collect calls and, consequently, he could not contact anyone. Following the phone calls, the defendant did not ask anyone to contact a physician on his behalf or inquire if transportation could be provided to obtain an independent test.

Unable to make bail, the defendant was transported to the county jail.

The defendant moved to suppress the results of the breath test. The district court denied the defendant's motion, ruling:

> Given all of the above facts the state has shown by a preponderance of the evidence that the defendant was given an opportunity to obtain a second test of his own choosing. The state should not have to bear the burden of the defendant's phone calls being unsuccessful.

The district court subsequently denied the defendant's motion for reconsideration. We will uphold this ruling unless it is erroneous as a matter of law. *State v. Symonds*, 131 N.H. 532, 534, 556 A.2d 1175, 1177 (1989).

On appeal, the defendant contends that the police violated his due process rights by interfering with his efforts to obtain an independent blood test. In determining whether the State's actions violated the defendant's due process rights under part I, article 15 of the State Constitution, we look to the dictates of fundamental fairness. *State v. Denney*, 130 N.H. 217, 220, 536 A.2d 1242, 1243 (1987). "A fundamentally unfair adjudicatory procedure is one, for example, that gives a party a significant advantage or places a party in a position of prejudice or allows a party to reap the benefit of his own behavior in placing his opponent at an unmerited and misleading disadvantage." *State v. Symonds*, 131 N.H. at 534, 556 A.2d at 1177 (quotation omitted).

■ We turn first to the statutory prerequisites to the administration of blood-alcohol tests under RSA 265:84, New Hampshire's implied consent statute. Before a test is administered under the statute, a defendant must be informed that he has a right "to have a similar test or tests made by a person of his own choosing." RSA 265:87, I(a) (1993). Further, a defendant must be given "an opportunity to request such additional test." RSA 265:87, I(b). The right to an additional test is not absolute, however, as "[t]he failure or inability of an arrested person to obtain an additional test" will not "preclude the admission of any test taken at the direction of a law enforcement officer." RSA 265:86.

■■ Though DWI defendants enjoy only a limited statutory right to an independent test, under the State Constitution some process is due individuals who seek to exercise this right. As Justice Grimes observed in interpreting the predecessor to RSA 265:87, "without the opportunity to request the additional test, the instruction about the right to have one would be valueless." *State v.*

*Dunsmore*, 112 N.H. 382, 385, 297 A.2d 230, 232 (1972) (Grimes, J., dissenting). We recognize that due process requires that a DWI defendant be afforded a meaningful opportunity to request an additional blood-alcohol test. *See Provo City v. Werner*, 810 P.2d 469, 472 (Utah. App. 1991). Whether the State has so frustrated the defendant's efforts as to deny him a meaningful opportunity will depend upon the circumstances of the case. *See Commonwealth v. Alano*, 448 N.E.2d 1122, 1128 (Mass. 1983).

■ The record in this instance shows that the defendant had a meaningful opportunity to request another test. Pursuant to RSA 265:87, Officer Millard advised the defendant of his right to request an independent test prior to his consenting to the breath test. When the defendant indicated his desire for such a test, the police provided him with a telephone. He attempted without success to contact someone to arrange for transportation and the administration of an additional test, but he did not explicitly ask for further assistance. We note in passing that the defendant does not dispute that Officer Millard provided him with a second sample of the breath test she administered, as required by RSA 265:86.

■■ Although the defendant argues that he should have been allowed a telephone from which he could make more than collect calls, he presented no evidence that he would have had any greater success with such a phone. Of course, access to a telephone may not satisfy the requirements of due process in all circumstances, "and police may have a duty to further accommodate an accused's reasonable request for an independent test by a person of his own choosing." *State v. Messner*, 481 N.W.2d 236, 240 (N.D. 1992). In this case, however, the defendant has not demonstrated that under the circumstances due process required further accommodation. Consequently, we cannot say that the actions of the Raymond police were fundamentally unfair.

*Affirmed.*

All concurred.