Merrimack
No. 2004-197

### THE STATE OF NEW HAMPSHIRE

v.

### STEVE GUBITOSI

Argued: December 9, 2004
Opinion Issued: March 2, 2005

*Kelly A. Ayotte*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief and orally), for the defendant.

NADEAU, J., The State appeals a Superior Court (*Fitzgerald*, J.) order finding prosecutorial misconduct and bad faith for obtaining phone records through a search warrant issued by the Franklin District Court after the records had been suppressed by the superior court. We vacate and remand.

The record supports the following facts. The defendant, Steve Gubitosi, was charged in Merrimack County with four counts of harassment

pursuant to RSA 644:4 (Supp. 2004), and three counts of stalking pursuant to RSA 633:3-a (Supp. 2004). The defendant had a similar charge pending in Belknap County that involved the same victim. The defendant filed identical motions to suppress phone records in each county, arguing that the phone records had been obtained without a warrant in violation of the Fourth Amendment to the United States Constitution and Part I, Article 19 of the New Hampshire Constitution. The State had initially obtained the U.S. Cellular telephone records through a grand jury subpoena. The Belknap County case was the first to go to trial. The Belknap County Superior Court denied the motion to suppress from the bench and said that a written order would follow. The State waited to receive the written order before responding to the same motion filed in Merrimack County. On October 31, 2003, the Merrimack County Superior Court issued an order granting the defendant's motion to suppress the records, stating that "no objection was filed." The State moved to reconsider, asking the court to consider the merits of the motion in light of the Belknap County order. The defendant objected to the State's motion to reconsider. On December 12, 2003, the Merrimack County Superior Court denied the State's motion to reconsider without comment.

Thereafter, the State submitted an application and affidavit to the Franklin District Court and obtained a search warrant for the same phone records. The defendant moved to suppress, claiming that the new records were inadmissible under the "poisonous tree" doctrine, and that the State had obtained the records in bad faith through "less than complete and forthright representations" in the warrant affidavit. On January 12, 2004, the defendant filed a motion *in limine* asking the court to exclude any evidence or testimony of the defendant's telephone records. After a hearing on the record that same day, the court granted the defendant's motion by order issued on January 15, 2004. The Merrimack County Superior Court found that it was bad faith for the State not to have informed the Franklin District Court judge reviewing the warrant application that the evidence had been previously suppressed, and ruled that the State's actions amounted to prosecutorial misconduct. The State's motion for reconsideration was denied, and this appeal followed.

On appeal the State argues that its act of obtaining a search warrant for the telephone records that had been seized earlier without a warrant did not constitute prosecutorial misconduct or bad faith where: (1) the court initially suppressed the records without a hearing or discussion of the grounds for the suppression; (2) there was no legal bar to seeking a search warrant; and (3) the court's earlier ruling had no legal bearing on whether

there was probable cause to seize the challenged records from U.S. Cellular. Further, the State argues that the suppression of the telephone records seized pursuant to the search warrant was an unsustainable exercise of discretion because the trial court suppressed the records as a sanction after it found bad faith.

■■ To constitute prosecutorial overreaching, the government must, through gross negligence or intentional misconduct, cause aggravated circumstances to develop that seriously prejudice the defendant, causing him reasonably to conclude that continuation of the tainted proceeding would result in his conviction. *State v. Sylvia*, 136 N.H. 428, 431 (1992). The State's act in obtaining a search warrant for the defendant's cellular phone records after they were initially suppressed by the Merrimack County Superior Court did not amount to such misconduct or bad faith.

The trial court relied upon *State v. Delisle*, 137 N.H. 549 (1993), in ruling that it was bad faith for the prosecution not to inform the district court judge who reviewed the search warrant application that the evidence had been suppressed. In *Delisle*, we noted that the preferred method of obtaining evidence against a defendant already before the superior court is by a motion to that court. *Delisle*, 137 N.H. at 552. However, *Delisle* is not controlling here. *Id.*

■ In *Delisle*, the State obtained a search warrant to seize body hair and blood from the defendant after he had already been arraigned and counsel had been appointed. *Id.* at 550. After the warrant was read to the defendant, he asked to speak to his attorney before the samples were taken, but his request was denied. *Id.* On appeal, the defendant argued that his right to counsel under the Sixth Amendment and Part I, Article 15 of the New Hampshire Constitution was violated. *Id.* We rejected that argument, ruling that the taking of blood was not a critical stage of the proceedings requiring the assistance of counsel. *Id.* In the final sentence of the opinion, we noted that since the defendant was already before the superior court, the preferred procedure for obtaining the evidence would have been by motion to that court. *Id.* at 552. However, *Delisle* does not stand for the proposition that a party must go before the trial court to get a search warrant or inform the issuing magistrate of another court about matters in the case when those matters are not relevant to the existence of probable cause. Thus, in this case, the State was not required to submit an application and affidavit to get the search warrant for the defendant's phone records to the Merrimack County Superior Court or to inform the

Franklin District Court of the previous action of the Merrimack County Superior Court.

A careful review of the record reveals that the State did not act in bad faith by obtaining the search warrant from the Franklin District Court. The State first obtained the telephone records from U.S. Cellular through a grand jury proceeding. In the defendant's original motion to suppress the phone records, he argued that he had an expectation of privacy in the records, and therefore the seizure of the records required a warrant. In its initial order, the trial court granted the defendant's motion to suppress because the State failed to object, and made no other comments with respect to the defendant's constitutional claim. After its motion to reconsider was denied, the State took actions intending to comply with constitutional requirements by obtaining a search warrant for the records. There was no "gross negligence" on the part of the State because it sought and obtained a search warrant from the district court rather than the superior court. *State v. Boetti*, 142 N.H. 255, 260 (1997). There is no requirement that the State must go to the original court to obtain a search warrant after charges have been filed. There was no "intentional misconduct" or bad faith on the part of the State. *Boetti*, 142 N.H. at 260. Likewise, the State did not act in bad faith by not informing the district court that the records had been suppressed because that fact had no bearing on whether the probable cause existed to obtain them.

Omissions, as well as positive misstatements, can be construed as misrepresentations for the purposes of an affidavit in certain cases. The materiality of an omission is a question of law which must be determined before the degree of the affiant's intent is considered. Materiality is determined by whether, if the omitted statements were included, there would still be probable cause. An omission is material if it is necessary for the finding of probable cause. *State v. Wilkinson*, 136 N.H. 170, 174 (1992). Based on the facts of this case, we find that the omission had no effect on the district court's determination of probable cause.

Similarly, in *State v. Breest*, 116 N.H. 734 (1976), the defendant challenged the sufficiency of a search warrant affidavit on the grounds that the affiant had intentionally omitted certain exculpatory information. *Id.* at 744. The omitted information included a witness's statement that the victim had gotten into a car that was different from the one the police sought to search, and the fact that the police had searched the defendant's car before with his consent and had found nothing. *Id.* On appeal, we held

that "[d]ue process does not require that the government make a complete and detailed accounting of all police investigatory work on a case. The mere possibility that an item of undisclosed information might have helped the defendant does not create a due process requirement that it be disclosed in an affidavit for a search warrant." *Id.* We further held that "the omission of the items complained of in the affidavit for the search warrant ... did not materially affect its integrity to the extent that it would negative its support for a finding of probable cause." *Id.* at 745. In looking at the facts of this case we find the omission from the search warrant affidavit that the telephone records had been suppressed by the trial court was immaterial to the district court's determination of probable cause. Thus, as a matter of law there was no prosecutorial misconduct or bad faith on the part of the State for not informing the district court of the suppression order.

■ Next, we consider the trial court's ruling suppressing the defendant's telephone records. The suppression of evidence as a sanction for prosecutorial misconduct is a question for the trial court's sound discretion, and we will not overturn its determination absent an unsustainable exercise of discretion. *Cf. State v. Bain* 145 N.H. 367, 372 (2000); *State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). To show an unsustainable exercise of discretion, the State must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of its case. *See Lambert*, 147 N.H. at 296. Since there was no prosecutorial misconduct or bad faith on the part of the State for not informing the district court of the suppression order, no sanction was justified. Thus, we hold that it was an unsustainable exercise of discretion to suppress the telephone records on this basis.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.