Grafton
No. 2008-429

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM DALLING

Argued: June 11, 2009
Opinion Issued: August 4, 2009

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Julia M. Nye*, public defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. Following his conviction for possession of a controlled substance, *see* RSA 318-B:2 (2004) (amended 2008), :26 (Supp. 2008), the defendant, William Dalling, appeals a ruling of the Superior Court (*Vaughan*, J.) denying his motion to suppress. We affirm.

The record supports the following facts. In July 2007, staff at the Veteran's Hospital in White River Junction, Vermont, contacted Officer Kenneth May of the Enfield Police Department regarding an assault victim, Alison Ferm, in their care. Officer May spoke with Ferm, who revealed that the defendant, Ferm's live-in boyfriend, caused her injuries by punching her in the face during a domestic dispute. Ferm also revealed that the defendant repeatedly cooked, and recently smoked, crack cocaine at her residence. According to Ferm, the defendant manufactured crack cocaine in a room above Ferm's garage to which he had exclusive access.

Ferm discussed the altercation in detail with Officer May. She noted that, soon after the assault, the defendant left Ferm's house with a number of

boxes filled with items such as "overnight clothes"; that the defendant planned to return the next day; and that the defendant had indicated that their relationship was over. Furthermore, Ferm speculated that the defendant had removed "everything illegal" from her house; although the defendant had warned Ferm not to call the police, Ferm said the defendant "knew" she would anyway.

That same day, Officer May applied for a search warrant of Ferm's house. In the supporting affidavit, Officer May described his conversation with Ferm. He recounted the altercation and specifically noted Ferm's allegations, based upon first-hand knowledge, that the defendant cooked and smoked crack cocaine at Ferm's house. He also explained in the affidavit that, based upon his expertise, drug users who manufacture crack cocaine tend to keep their cooking utensils where they live; these utensils are often caked with cocaine residue. On the typed affidavit, Officer May included a handwritten annotation saying, "Ferm indicated that she thinks Dalling may hav[e] taken the cocaine [f]rom the residence."

A district court judge issued a warrant, and Officer May and other members of the Enfield Police Department executed it that night. While searching the household, the police seized a variety of drug-related paraphernalia, some of which later tested positive for cocaine residue. Aside from the cocaine residue, they did not find any drugs. Prior to trial, the defendant moved to suppress evidence seized during the search. The trial court denied this motion after a hearing.

On appeal, the defendant contends first that the supporting affidavit did not establish probable cause on its face, and second that Officer May made material misrepresentations in the affidavit by intentionally or recklessly omitting relevant information, in violation of Part I, Article 19 of the State Constitution.

The defendant does not assert violations of his rights under the Fourth Amendment of the Federal Constitution. Thus, we analyze the defendant's claims solely under the State Constitution.

We review the trial court's order *de novo*, except with respect to any controlling factual findings. *State v. Zwicker*, 151 N.H. 179, 185 (2004). Nevertheless, we afford much deference to a magistrate's determination of probable cause and will not invalidate warrants by reading the evidence in a hypertechnical sense. *Id.* Instead, we review the affidavit in a common-sense manner, and determine close cases "by the preference to be accorded to warrants." *State v. Kirsch*, 139 N.H. 647, 650 (1995) (quotation omitted).

We hold that an impartial magistrate could find probable cause based upon the affidavit. The affidavit recounted Ferm's recent first-hand observations of the defendant's drug use. Ferm's observations included

details regarding the defendant's method of crack cocaine manufacture. *See Zwicker*, 151 N.H. at 186 (noting that level of detail bears upon determinations of probable cause). Furthermore, Officer May explained in the affidavit how his professional experience corroborated Ferm's observations of crack cocaine manufacture. *See State v. Hazen*, 131 N.H. 196, 200 (1988) (describing police corroboration as an indication of an informant's reliability). Because the affidavit supported the conclusion that the defendant manufactured and recently used crack cocaine at Ferm's residence, there was a "substantial likelihood" based upon the totality of the circumstances that a search of Ferm's residence would reveal evidence that the defendant possessed cocaine. *Zwicker*, 151 N.H. at 185.

█ The defendant contends that Officer May's handwritten annotation, referencing Ferm's suspicion that the defendant removed cocaine from the premises, defeats a finding of probable cause. We disagree. This note does not posit that the defendant also removed the utensils to cook crack cocaine. Because such utensils often contain cocaine residue, as the affidavit noted, there still remained a substantial likelihood that the police would discover evidence of the commission of a crime upon a search.

█ The defendant also argues that Officer May recklessly or intentionally made material misrepresentations in the affidavit by omitting relevant information. If so, evidence gained pursuant to the search warrant is generally suppressed. *State v. Spero*, 117 N.H. 199, 206 (1977). Omissions are material when the inclusion of omitted information in an affidavit would defeat a magistrate's finding of probable cause. *State v. Wilkinson*, 136 N.H. 170, 174 (1992). However, "[t]he mere possibility that an item of undisclosed information might have helped the defendant does not . . . require[] that it be disclosed in an affidavit for a search warrant." *State v. Gubitosi*, 151 N.H. 764, 769 (2005) (quotation omitted). ·  ·

The defendant contends that Officer May omitted Ferm's belief that the defendant removed "everything illegal," as opposed to just "cocaine." The defendant further argues that Officer May omitted two facts supporting this belief: that the defendant left Ferm's residence with personal items, and that he "knew" that Ferm would contact the police. Had Ferm seen the defendant remove contraband first-hand or heard the defendant say he planned to remove contraband, and had Officer May omitted this information, this would be a more difficult case. However, the relevant facts do not directly support Ferm's belief.

█ In order to support probable cause to search a residence, affidavits must establish a sufficient nexus between the illicit objects and the place to be searched. *State v. Silvestri*, 136 N.H. 522, 527-28 (1992). In the instant

case, the affidavit establishes a nexus between the drug paraphernalia sought and Ferm's residence. The defendant in essence argues that Ferm's belief that the defendant removed all illegal items, if included in the affidavit, would have defeated this nexus. However, the evidence supporting Ferm's belief — that the defendant feared Ferm contacting the police and left with some of his belongings — is insufficient by itself to defeat an otherwise ample showing of probable cause.

The magistrate could still have found probable cause even if the omitted information had been included in the affidavit. He could have done so by finding that Ferm's belief was mere speculation or that there was a substantial likelihood that even if the defendant did remove some incriminating objects from Ferm's residence, others remained.

We hold that the omissions are immaterial, and we therefore need not consider whether they were recklessly or intentionally made.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.