COMMONWEALTH *vs.* ROY D. BRAZELTON.

Worcester. April 4, 1989. — May 1, 1989.

Present: WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Evidence*, Breathalyzer test. *Motor Vehicle*, Operating under the influence. *Constitutional Law*, Assistance of counsel. *Due Process of Law*, Blood alcohol test.

An arrested person has no Federal or State constitutional right to consult an attorney before deciding whether to submit to a breathalyzer test. [785-786]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on June 15, 1987.

A motion to dismiss was heard by *Thomas F. Sullivan, Jr.*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Katherine E. McMahon*, Assistant District Attorney, for the Commonwealth.

*Herbert F. Travers, III* (*Ellen M. O'Connor* with him) for the defendant.

NOLAN, J. The sole issue in this appeal of the Commonwealth from the allowance of a motion to dismiss is whether, under the United States Constitution or the Massachusetts Constitution, an arrested person has a due process right to counsel prior to deciding whether to take a breathalyzer test. Admittedly, there is no statutory right. We hold that there is no such constitutional right.

The defendant was arrested on June 13, 1987, for operating under the influence of intoxicating liquor and taken to the police station. From the judge's findings of fact in connection with the defendant's motion to dismiss, we learn that after the defendant was booked, he was advised of his Miranda rights and of his right to a breathalyzer test and to an examination

"by a doctor of his own choosing at his own expense." He was told the consequence of his refusal to take the breathalyzer. He asked the officer for permission to telephone his attorney before deciding whether to take the breathalyzer test. The officer told him to make his decision about taking the test "and then you may make a phone call." The defendant refused the test and he was then allowed to use the telephone on which he talked to a friend or a family member. The judge found that the defendant's request to use the telephone was made in good faith and that his use of it would not have caused an unreasonable delay in the administration of the breathalyzer test. Finally, the judge found that the defendant intended to telephone a named private attorney.

There is no case in Massachusetts on this issue. Courts in other jurisdictions have gone in different directions. Some courts have decided that a right to counsel before electing to take a breathalyzer or blood alcohol content test exists as a matter of State statutory law. See *Copelin* v. *Alaska*, 659 P.2d 1206, 1211-1212 (Alaska 1983), cert. denied, 469 U.S. 1017 (1984) (breathalyzer); *Kuntz* v. *State Highway Comm'r*, 405 N.W.2d 285, 288 (N.D. 1987) (blood alcohol content). One jurisdiction has found a State constitutional right to counsel in the circumstances. See *State* v. *Spencer*, 305 Or. 59, 74 (1988) (breathalyzer). Still other courts have held that the Sixth and Fourteenth Amendments to the United States Constitution guarantee one the right to counsel before deciding to submit to a breathalyzer or blood alcohol content test. See *Heles* v. *South Dakota*, 530 F. Supp. 646, 652 (D.S.D.), vacated on other grounds, 682 F.2d 201 (8th Cir. 1982) (breathalyzer); *People* v. *Gursey*, 22 N.Y.2d 224, 227-228 (1968) (breathalyzer); *Forte* v. *State*, 686 S.W.2d 744, 754 (Tex. App. 1985) (blood alcohol content); *State* v. *Welch*, 135 Vt. 316, 321-322 (1977) (breathalyzer); *State* v. *Fitzsimmons*, 93 Wash. 2d 436, 448 vacated and remanded, 449 U.S. 977, aff'd, 94 Wash. 2d 858 (1980) (blood alcohol content) (both Federal and State Constitutions).

Some courts have held that there is no Federal constitutional right to counsel before taking a breathalyzer or blood alcohol

content test. See *Brank* v. *State*, 528 A.2d 1185, 1188, 1190 (Del. 1987) (blood alcohol content); *State* v. *Hoch*, 500 So. 2d 597 (Fla. Dist. Ct. App. 1986) (breathalyzer); *Davis* v. *Pope*, 128 Ga. App. 791, 792 (1973) (blood alcohol content); *State* v. *Jones*, 457 A.2d 1116, 1120 (Me. 1983) (blood alcohol content); *Nyflot* v. *Commissioner of Pub. Safety*, 369 N.W.2d 512, 517 (Minn. 1985) (blood alcohol content) (neither constitutional nor statutory right); *State* v. *Greene*, 128 N.H. 317, 320-321 (1986) (breath sample) (neither State nor Federal constitutional right); *Seders* v. *Powell*, 298 N.C. 453, 461 (1979) (breathalyzer); *In re Kean*, 520 A.2d 1271, 1274 (R.I. 1987) (breathalyzer) (neither Federal nor State constitutional right).

We perceive nothing in art. 12 of the Massachusetts Declaration of Rights or in the due process clause of the Fourteenth Amendment on which the judge relied which compels the conclusion that a defendant has the right to counsel before deciding whether to submit to a breathalyzer test. The moment at which a person must decide to take or to refuse to take a breathalyzer test is not a critical stage in the criminal process. See *State* v. *Greene, supra* at 320; *State* v. *Newton*, 291 Or. 788, 803 (1981). See generally *Moran* v. *Burbine*, 475 U.S. 412, 430-431 (1986). It must be conceded that his refusal to take the test results in suspension of his license for 120 days (G. L. c. 90, § 24 [1] [*f*] [1986 ed.]), but the defendant has no right, statutory or constitutional, to a breathalyzer test. *Commonwealth* v. *Alano*, 388 Mass. 871, 874 (1983). The defendant's rights are adequately protected by the statutory right of access to a telephone within one hour after being taken to the police station, G. L. c. 276, § 33A, and by the statutory right to be examined immediately by a physician selected by him. G. L. c. 263, § 5A. In the present case, the police complied with both of these statutes.

The recognition of a right to consult an attorney before deciding to take a breathalyzer test presents formidable practical problems. In the present case, the defendant wanted to call his private attorney. If an attorney is not available, a delay may ensue and the test results may then be stale and inaccurate. The same result follows for one who has no attorney or has no money to retain an attorney.

To conclude, the judge erred in allowing the defendant's motion to dismiss the complaint on the ground that the defendant had been deprived of his State and Federal constitutional rights. The order allowing the motion to dismiss is vacated, and the case is remanded for trial.

*So ordered.*