## COMMONWEALTH *vs.* RENE G. ORTIZ.

Hampden. November 7, 1995. - February 12, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Practice, Criminal,* Arraignment, Delay in commencement of prosecution, Motion to suppress. *Evidence,* Admissions and confessions. *Rules of Criminal Procedure. Due Process of Law,* Delay in commencement of prosecution. *Constitutional Law,* Waiver of constitutional rights. *Search and Seizure,* Consent.

In a murder case, police officers' questioning of the defendant within six hours of his arrest on warrants and the defendant's prompt arraignment once the questioning ended conformed to the requirements established in *Commonwealth* v. *Rosario, ante* 48 (1996), and the statements elicited were not inadmissible as violative of Mass. R. Crim. P. 7 (a) (1). [68-70] LIACOS, C.J., concurring in part. O'CONNOR, J., concurring in part.

In a murder case, certain items seized without a warrant from the home of the defendant's father were obtained through the father's valid consent to the search, and were admissible. [70]

A criminal matter was remanded for a determination whether the defendant had validly waived his Miranda rights and whether statements he gave to police officers were voluntary. [70] LIACOS, C.J., concurring. O'CONNOR, J., concurring.

INDICTMENTS found and returned in the Superior Court Department on July 21, 1994.

Pretrial motions to suppress evidence were heard by *Mary-Lou Rup,* J.

Following allowance of the Commonwealth's application for an interlocutory appeal in the Supreme Judicial Court for the county of Suffolk by *O'Connor,* J., the case was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

*Linda J. Thompson* for the defendant.

WILKINS, J. In *Commonwealth* v. *Rosario,. ante* 48 (1996), released today, we considered whether confessions should have been suppressed because the police detained the arrested

defendant for questioning, rather than taking him to court for arraignment. We prescribed a rule, in implementation of Mass. R. Crim. P. 7 (a) (1), as amended, 397 Mass. 1226 (1986), that allows the admission of all statements made during police questioning for a six-hour period following a defendant's arrest, whether or not a court is in session, provided that the statements are otherwise admissible.

In this case, we also consider the propriety of a Superior Court order suppressing statements obtained in circumstances that a motion judge ruled violated Mass. R. Crim. P. 7 (a) (1). There are, however, differences between the two cases. Here, because the defendant's statements were obtained within six hours of his arrest, they fall within the six-hour safe harbor adopted in the *Rosario* opinion. Moreover, the defendant was advised of his right to a prompt arraignment and, within six hours of his arrest, signed a document in which he purported to acknowledge and waive that right. On the other hand, unlike the motion judge in the *Rosario* case, the motion judge here chose not to decide whether the defendant's statements were voluntary and made with an understanding of his rights. Also, the questioning in this case, unlike the *Rosario* case, related to a crime for which a warrant for the defendant's arrest had issued from a District Court. The question thus arises whether the safe harbor rule of the *Rosario* case should also apply to an arrested but unarraigned defendant's statements which concern matters relevant to a crime for which a complaint is pending against the defendant.

The defendant has been indicted for murder in the first degree, armed assault with intent to murder, and assault and battery by means of a dangerous weapon. He moved to suppress (a) statements that he made to Springfield police officers, (b) certain physical evidence thereafter seized as a result of a warrantless search, and (c) identifications of that evidence. The motion judge ruled that the intentional delay in arraigning the defendant was a violation of Mass. R. Crim. P. 7 (a) (1) and required suppression of the defendant's statements. She concluded that seizure of the defendant's clothing, and witnesses's identifications of that clothing, were the fruits of the unlawful interrogation and had to be suppressed as well. She did not pass on other challenges to the admission of the defendant's statements.

The facts are not in dispute on the issue before us. On July

15, 1994, between 8 A.M. and 9 A.M., members of the Springfield police department detective bureau arrested the defendant. They had an arrest warrant for the defendant for murder and an arrest warrant for destruction of property in an unrelated incident. They took the defendant to the police station where they discovered that he did not speak English. They summoned a Spanish-speaking officer who arrived at 10:05 A.M. Until the Spanish-speaking officer arrived, the defendant was handcuffed to a chair in a room in the detective bureau, uninformed that he had been charged with murder. The Spanish-speaking officer, in the company of two officers who had arrested the defendant, translated Miranda rights into Spanish and advised the defendant of his right to use a telephone. The defendant signed forms acknowledging that he had been advised of his rights. The officer also interpreted a form advising the defendant of his right to a prompt arraignment. At 10:10 A.M. the defendant signed the arraignment warning form, purportedly waiving his right to prompt arraignment. The defendant was then informed that he was a suspect in a murder.

The defendant showed no reluctance to speak with the officers and denied his involvement in the murder. During the interview, which lasted between an hour and one hour and fifteen minutes, the defendant acknowledged that he had been wearing particular clothing at the Bay State Medical Center (at an apparently critical time) on July 10, 1994, and that that clothing was at his father's house. The defendant was booked and taken to the Springfield District Court where he was arraigned after 2 P.M.

The judge found that the police delayed the defendant's arraignment "for some five hours for the sole purpose of interrogating him about the shooting death." She ruled that the police violated Mass. R. Crim. P. 7 (a) (1) and that suppression was required of any statement made during the period in which the police unreasonably delayed arraignment.

After questioning the defendant, the two Springfield detectives went to the home of the defendant's father. The father authorized a search of a room that his son had used and, aided by the same Spanish-speaking officer who had translated at the defendant's questioning, the father executed a search warrant waiver form. The judge found that the father voluntarily consented to the search. The officers seized various

articles of the defendant's clothing, which two witnesses later said that they had seen in circumstances incriminating the defendant.

The judge found that the police were able to obtain the defendant's clothes only because of what they learned during their interrogation of the defendant. She ruled that the clothing and their subsequent identification should be suppressed as the fruits of the unlawful interrogation because the police did not prove that this evidence inevitably would have been discovered by lawful means.

A single justice of this court allowed the Commonwealth's application for leave to appeal the orders allowing the suppression of the defendant's statements to the police and of the evidence obtained as a result of those statements. The appeal was entered in the Appeals Court and we transferred it to this court on our own motion.

The defendant alleged various constitutional arguments in support of his motion to suppress his statements. The motion judge, however, relied on no constitutional principle in allowing the motion to suppress.[1]

There is no doubt that the Springfield police officers knew that the defendant was entitled to be arraigned promptly. Before questioning him, they presented him with a document entitled "Arraignment Warning," which an officer interpreted in Spanish and the defendant signed. The document, the substance of which is set forth in the margin,[2] advised the defendant of his right to prompt arraignment before a judge if

---

[1] At oral argument, but at most only inferentially in his brief, the defendant contended that, because both a complaint charging murder and a warrant for his arrest had been issued, he had a constitutional right to counsel. Hence, police questioning in the absence of counsel required suppression of his statements. There is no authority for the proposition that the right to counsel under the Sixth and Fourteen Amendments to the Constitution of the United States or under art. 12 of the Massachusetts Declaration of Rights arises prior to arraignment, even though a criminal complaint and an arrest warrant have issued. See *Commonwealth* v. *Jones*, 403 Mass. 279, 286 (1988), citing *Kirby* v. *Illinois*, 406 U.S. 682, 688 (1972); *Commonwealth* v. *Smallwood*, 379 Mass. 878, 884 (1980).

[2] "ARRAIGNMENT WARNING

"1. You have a right to a prompt arraignment, that is, to be brought immediately to be arraigned in front of a judge if the district court is in session or, if not, at the next session.

"2. At such arraignment, an attorney will be appointed and you may be admitted to bail.

court was in session (or alternatively at the next session) and that, upon arraignment, he would have an attorney appointed and might be admitted to bail. The police, however, did not tell the defendant that court was then in session or that he could go to court at that time (or that he could go to court later if he changed his mind and court was in session).[3]

The motion judge ruled that the effect of the police violation of rule 7 (a) (1) was not diminished by any valid waiver that the defendant may have made of his rights. From the judge's supporting citation of *Commonwealth* v. *Parham*, 390 Mass. 833, 843 (1984), and *Commonwealth* v. *Bradshaw*, 385 Mass. 244, 258 (1982), we infer that she meant that a waiver of one right (e.g., Miranda rights) did not cure a violation of another right (e.g., prompt arraignment). Here, however, the arraignment waiver directly concerned the very right that the judge concluded had been violated, and the judge did not decide whether the arraignment waiver was voluntary and informed. As we stated in *Commonwealth* v. *Rosario, supra* at 54, an informed and voluntary waiver of prompt arraignment would excuse delay in arraigning an arrestee.

We need not send the case back for further findings concerning the arraignment waiver because we conclude that the police questioning within six hours of the defendant's arrest, and his prompt arraignment once the questioning ended, conform to the requirements that we have established today in *Commonwealth* v. *Rosario, supra.* Those requirements are appropriately applied in the circumstances of this case. Al-

"3. Do you understand that you have a right to a prompt arraignment?

"4. Having this right in mind, do you wish to talk to me now?

"_____ YES, I wish to talk to you now and waive my right to a prompt arraignment.

"Signature _____ Date and Hour _____

"Signature-Witness _____

"Signature of Police Officer _____"

[3]Our quotation of the arraignment warning, in note 2 above, is not an endorsement of the form. In a situation in which no judicial determination of probable cause to arrest or to hold a defendant has been made, reference to the right of an arrested person to obtain such a determination may be appropriate. The statement that an attorney will be appointed may be true as a practical matter, but S.J.C. Rule 3:10, as amended, 416 Mass. 1306 (1993), requires that counsel be offered only to an indigent defendant. It may be that an adequate warning should include the time at which the defendant could next be taken to court.

though the voluntariness of the defendant's waiver of his Miranda rights and the informed voluntariness of his statements are issues that remain undecided by the motion judge, the voluntariness of the arraignment waiver is no longer important. No arraignment waiver was needed.

There is no reason to distinguish between police questioning about a crime as to which charges are pending against an arrestee and questioning about a crime as to which no complaint has yet been issued. We are not aware of any jurisdiction that has made such a distinction.[4] In each situation, there has to have been a determination of probable cause to support the arrest. The facts that a magistrate rules that there was probable cause to issue process on a criminal complaint, and that only the police determine probable cause when there is no arrest warrant, does not require differing treatment. In each instance, an arrestee's willingness to waive his rights voluntarily after disclosure of those rights is sufficient protection when coupled with the six-hour limit. An arrested person may prefer to talk to the police rather than be subjected immediately to an arraignment in open court. See *Commonwealth* v. *Hodgkins,* 401 Mass. 871, 877 (1988). If an arrestee does not want to talk to the police, he or she can say so, and arraignment should follow as promptly as is reasonably possible. The process of questioning may persuade the police that there is no basis for criminal charges. Moreover, if the police could not in any circumstance question a person who has been arrested pursuant to a warrant, the police would be encouraged to forsake obtaining warrants and to arrest the person for questioning without a warrant. Such a practice would inhibit the use of the desirable process of obtaining a magistrate's independent decision that probable cause exists.

In any event, questioning during the six-hour period must be based on (1) the arrestee's proper waiver of his or her Mi-

[4]The Model Code of Pre-Arraignment Procedure, in authorizing post-arrest questioning, makes no distinction between persons arrested pursuant to a warrant and those arrested without a warrant (although the permissible period of screening is shorter when a warrant has been issued). Model Code of Pre-Arraignment Procedure, Part 1B Commentary § 130.2, at 333 (Proposed Official Draft 1975). If there were a bar on questioning once an arrest warrant had issued, "[o]ne consequence of such a system may be to discourage the use of warrants. Furthermore, a short period of detention for investigation may be justified in some cases even though the person has already been charged." *Id.*

randa rights, (2) the arrestee's free, intelligent, and voluntary decision to speak to the police, and (3) notice to the arrestee of the right to use the telephone.

Because detaining the defendant prior to arraignment was not unlawful, the ground no longer exists on which the motion judge suppressed the clothing seized at the home of the defendant's father and the identifications of that clothing. The judge found that the father validly consented to the search of a bedroom in the home. The defendant was not living with his parents at this time, but kept some belongings there. The father considered the bedroom to be his son's bedroom, although his son's former girl friend stayed in the room. Assuming, but not deciding, that the motion judge was correct in ruling that the defendant had a possessory interest in the bedroom, the father's consent was sufficient to make the warrantless search valid. See *Commonwealth* v. *Wahlstrom*, 375 Mass. 115, 117 (1978); *Commonwealth* v. *Martin*, 358 Mass. 282, 287-288 (1970); 3 W.R. La Fave, Search and Seizure § 8.4 (b) (2d ed. 1987). Hence, any challenge to the search, independent of the asserted unlawfulness of the police questioning of the defendant, fails.

The question of the voluntariness of the defendant's statements and of his waiver of his Miranda rights remains unresolved. The order of the Superior Court allowing the defendant's motion to suppress is reversed. The case is remanded to the Superior Court for further consideration of the motion to suppress consistent with this opinion.

*So ordered.*

LIACOS, C.J. (concurring in part). In this companion case to *Commonwealth* v. *Rosario, ante* 0 (1996), the court finds that the defendant's statements to police occurred within six hours after arrest, and therefore fall within the safe harbor of *Rosario.* I agree with that result and reasoning. I do not, however, join the court's dicta regarding waivers of prompt presentment, for the reasons discussed in my dissenting opinion in *Rosario, supra* at 58-63.

O'CONNOR, J. (concurring). I agree with the court's order reversing the order of the Superior Court allowing the defendant's motion to suppress and I agree with the court that the case should be remanded to the Superior Court for

further consideration of the motion to suppress consistent with the court's opinion. I write separately only to register my agreement with the Chief Justice regarding waivers of prompt presentment.