Leibensperger, Edward P., J.
The license to operate a motor vehicle of plaintiff, Timothy P. Hays, was suspended for three years as a result of his refusal to submit to a chemical test of his breath.[1] Hays challenged the suspension before a hearing officer of the Registry of Motor Vehicles (RMV). When the suspension was upheld, he appealed to the district court, pursuant to G.L.c. 90, §24(1)(g). The district court judge issued findings of fact, ruling of law and an order affirming the decision of the RMV hearing officer. Hays now seeks review by way of certiorari of the decision of the district court pursuant to G.L.c. 249, §4.
Certiorari is limited to a review of the record submitted to the district court for substantial errors that resulted in “manifest injustice to the plaintiff or which have adversely affected the real interests of the general public.” Massachusetts Bay Transportation Authority v. Auditor of the Commonwealth, 430 Mass. 783, 790 (2000), quoting Carney v. Springfield, 403 Mass. 604, 605 (1988). The court’s power on certiorari is not exercised to remedy mere technical errors that have not resulted in manifest injustice." Mass. Prisoners Assn. Political Action Comm. v. Acting Governor, 435 Mass. 811, 824 (2002).
In the present case, Hays essentially concedes that the RMV and the district court had before them a record that supported affirmative findings on the three questions required by the statute in order to affirm the license suspension: (1) did the police officer have reasonable grounds to believe that Hays had been operating a motor vehicle while under the influence of intoxicating liquor upon a way or in any place to which members of the public have a right of access, (2) was Hays placed under arrest, and (3) did Hays refuse to submit to a breath test (“the Three Questions”). See, G.L.c. 90, §24(l)(g). This Court’s review of the record submitted with Hays’s motion for judgment on the pleadings reveals that the findings of fact by the *511 district court are fully supported by the evidence and, on the basis of those facts, the affirmance of the license suspension was correct as a matter of law.
Hays raises a threshold legal issue, however, that deserves further discussion and analysis. In short, Hays argues that the statute and the accompanying regulations require that the initial report of refusal to take the breath test (“Refusal Report”) must meet certain requirements in order to make a prima facie case. If the Refusal Report fails to meet the requirements, the license suspension must be vacated without regard to the other evidence that may come in at the hearing regarding the Three Questions. Hays challenges the adequacy of the Refusal Report in his case on several grounds.
The statute makes the Refusal Report “prima facie evidence of the facts set forth therein at any administrative hearing regarding the suspension specified in this section.” G.L.c. 90, §24(l)(f)(l). The RMV promulgated regulations for such administrative hearings pursuant to G.L.c. 90, §24(l)(g). See, 540 CMR§11.02. The regulations require that the hearing officer, as a first step, examine the Refusal Report “to determine if it meets the requirements of said statute.” Id. at §11.02(5). If the requirements are not met, “the hearing officer shall forthwith reinstate the operator’s license, permit or right to operate . . .” Id. It is only if the hearing officer determines that the Refusal Report meets the statutory requirements that the burden shifts to the operator to show that one or more of the Three Questions should be answered in the negative. Id.
Accordingly, Hays is correct when he contends that, to uphold the suspension of his license, the Refusal Report must meet the requirements set by statute even if the full record of the RMV hearing supports affirmative answers to the Three Questions. The RMV hearing officer specifically found that the Refusal Report met the statutory requirements. The district court noted that the Refusal Report was on a form mandated by the RMV and, thus, the “police cannot be faulted for using this form.” Implicitly, the district court found that the Refusal Report met the statutory requirements.
The statutory requirements for the Refusal Report are that it be made “in a format approved by the registrar” and “made under the penalties of perjury by the police officer before whom such refusal was made.” G.L.c. 90, §24(l)(f)(l). In addition, the report “shall set forth the grounds for the officer’s belief that the person arrested had been operating a motor vehicle on a way or place while under the influence of intoxicating liquor, and shall state that such person had refused to submit to a chemical test or analysis when requested by the officer to do so, such refusal having been witnessed by another person other than the defendant. Each report shall identify the police officer who requested the chemical test or analysis and the other person witnessing the refusal.” Id.
Hays attacks the sufficiency of the Refusal Report on both general and specific grounds. The general objections concern the format of the Refusal Report, as dictated by RMV, such that a finding by this Court of insufficiency of the Refusal Report would apply equally to all such reports.
First, Hays points out that the Refusal Report was not “signed” under penalty of peijuiy. In fact, the Report is not signed at all and there is no place on the RMV form for a signature. Instead, the Refusal Report recites that it is a “Report Prepared by Refusal Officer” and “under the Penalties of Peijuiy.” Next to each of these statements is a place for “Y” for “Yes” or “N” for “No” to be entered. The form for Hays contains a “Y” answer to both questions.
The statute requires that the Refusal Report be “made” under the penalties of peijuiy not “signed” under the penalties of peijuiy. “The statutoiy language itself is the principal source of insight into the legislative purpose.” Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policy and Bonds, 382 Mass. 580, 585 (1981). Had the Legislature wanted to require a signed Refusal Report it could have so mandated. Pursuant to the statute, Refusal Reports must be prepared within 24 hours of the arrest. The RMV, pursuant to direct statutory authority, promulgated the form of the Refusal Report. The report is then sent electronically to the RMV. It is not surprising that the Legislature did not mandate a signed Refusal Report where the report constitutes only prima facie evidence. The completion of the form by the identified officer, Sgt. Lawton, prepared under the penalty of peijuiy, is sufficient to meet the “made under the penalties of peijury” requirement of the statute.
Hays also contends that because the Refusal Report on the RMV form does not contain the “signature” of the refusal witness, the Refusal Report is defective. The statute does not, however, require a signature. It merely requires that the report “identify” the “other person witnessing the refusal.” The Refusal Report clearly identifies “Ptl. Keeler” as the “Refusal Witness.” There was compliance with the statute.
Next, Hays argues that the Refusal Report in his case does not provide the státutorily required “grounds” for the officer’s beliefs. Specifically, the Refusal Report simply has a “Yes” by the words “Public Way,” and one or two word answers to various “Physical Symptoms of Impairment.”
As to the “public way” requirement, the “grounds” for the officer’s belief include the working knowledge of the arresting police officer in the Town of Acton. The arrest of Hays occurred on Main Street, as stated on the form. The officer’s “belieF that the operation of the motor vehicle was on a public way is enough. The “Yes” *512 answer on the Refusal Report reflects the reality that the officer’s “grounds” were his general knowledge of what streets are public ways in his town. The defendant is, of course, able to offer rebuttal evidence at the hearing if he contests the issue. The Refusal Report met the statutoiy requirement in this regard.
Hays’s challenge alleging lack of “grounds” for the officer’s belief that Hays was operating under the influence also fails. The Refusal Report clearly gives the officer’s observations of “unsteady on feet,” “blood shot eyes,” “slurred speech,” “glassy eyes” and “failed FSTS” (presumably, “field tests”). These grounds are more than enough to meet the statutory requirement of grounds for belief of operating under the influence. The grounds do not have to rise to the level of proof beyond a reasonable doubt.
In sum, the RMV hearing officer’s determination that the Refusal Report met the statutory requirements was not arbitrary, capricious or an error of law. Likewise, the affirmation by the district court of the RMV decision was not substantial error resulting in manifest injustice to Hays.[2] The decision of the district court is affirmed.
ORDER
Plaintiffs motion for judgment on the pleadings is DENIED. Judgment shall enter for the defendant, Rachel Kaprellian, Registrar of Motor Vehicles, dismissing the plaintiffs complaint.

because Hays had a previous conviction of operating under the influence of alcohol, his refusal to take the breathalyzer test trtggered a three-year suspension under G.L.c. 90, §24(lXf)(l).

Hays’s arguments concerning substantive and procedural due process as it relates to seeking an attorney before he declined to submit to the breath test fail in light of Commonwealth v. Brazleton, 404 Mass. 783 (1989).