NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12057


COMMONWEALTH  vs.  TIMOTHEA T. NEARY-FRENCH.



Berkshire.      May 5, 2016. - August 15, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.[1]


Motor Vehicle, Operating under the influence.  Constitutional
    Law, Breathalyzer test, Assistance of counsel.  Practice,
    Criminal, Assistance of counsel.




Complaint received and sworn to in the Southern Berkshire
Division of the District Court Department on November 29, 2012.

A pretrial motion to suppress evidence was heard by Charles
W. Groce, III, J., and a question of law was reported by him.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Elizabeth J. Quigley for the defendant.
Joseph G.A. Coliflores, Assistant District Attorney (Joseph
A. Pieropan, Assistant District Attorney, with him) for the
Commonwealth.

---

[1] Justice Spina participated in the deliberation on this
case and authored this opinion prior to his retirement.
Justices Cordy and Duffly participated in the deliberation on
this case prior to their retirements.

SPINA, J.  In Commonwealth v. Brazelton, 404 Mass. 783, 785 (1989), this court held that there is no right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution or art. 12 of the Massachusetts Declaration of Rights before a defendant decides whether to take a breathalyzer test.  In this case, we are asked to revisit our holding in Brazelton in light of the 2003 amendments made to G. L. c. 90, § 24, the statute establishing the offense of driving while under the influence of intoxicating liquor.[2]  Prior to the 2003 amendments, G. L. c. 90, § 24, included a permissible inference that an individual was under the influence of alcohol if his or her blood alcohol level was .08 or more.  See St. 2003, c. 28, § 4.  The 2003 amendments eliminated the permissible inference and made it "a violation to operate a motor vehicle not only under the influence of intoxicating liquor, but also with a blood alcohol level of .08 or more."  Commonwealth v. Colturi,

---

[2] General Laws c. 90, § 24 (1) (a) (1), states, in relevant part, "Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor . . . shall be punished . . . ."

448 Mass. 809, 811 (2007).  This is known as a "per se"

violation.[3],[4]  Id. at 810.

The defendant in this case was arrested for operating while

under the influence of intoxicating liquor and was not given an

opportunity to consult with counsel before having to decide

whether to submit to a breathalyzer test.  The defendant filed a

motion to suppress the results of the breathalyzer test, arguing

that she had a right to counsel under the Sixth and Fourteenth

Amendments of the United States Constitution and art. 12 of the

Massachusetts Declaration of Rights, before deciding whether to

submit to a breathalyzer test.[5]  After an evidentiary hearing, a

District Court judge reported a question of law pursuant to

Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004), to the

Appeals Court.  We transferred the reported question to this

court on our own motion.  The reported question asks,

---

[3] This theory is an alternative to the "impaired ability
violation," Commonwealth v. Colturi, 448 Mass. 809, 810 (2007),
where the Commonwealth must prove that the individual was "under
the influence of intoxicating liquor."  G. L. c. 90,
§ 24 (1) (a) (1).

[4] Under Federal law, States are required to enact a law that
proscribes driving a motor vehicle with a blood alcohol level of
.08 or greater.  23 U.S.C. § 163 (2012).  If a State does not
enact such a law, it will lose Federal highway funds.  Id.

[5] The defendant, in her motion to suppress, also argued that
she was denied her right to a telephone call pursuant to G. L.
c. 276, § 33A.  However, this issue was not presented in the
reported question so we do not address it.

"Whether the 2003 amendment to G. L. c. 90, § 24, which created a new '.08 or greater' theory by which to prove an [operating while under the influence of intoxicating liquor] offense, where a breath test reading of .08 or greater is an element of the offense, now makes the decision by a defendant whether or not to take the breath test itself a critical stage of the criminal proceedings requiring that the defendant be advised of their right to counsel prior to making that decision, pursuant to art. 12 of the Massachusetts Declaration of Rights and the Sixth and Fourteenth Amendments of the United States Constitution."

We answer the reported question in the negative.

1. Facts. The District Court judge made the following findings of fact. On November 28, 2012, at approximately 1:15 P.M., a woman signaled to Chief Stephen O'Brien of the Lenox police department while he was on routine patrol in Lenox. The woman reported that the defendant's vehicle was "bumping into" another vehicle. O'Brien approached the defendant, and based upon his observations, he suspected that she was operating while under the influence. He summoned Officer William Colvin for assistance. Colvin arrived at the scene to administer field sobriety tests to the defendant. Based on the defendant's performance on the field sobriety tests, as well as his observations, Colvin arrested the defendant for operating while under the influence.

The defendant arrived at the Lenox police station at approximately 1:31 P.M., and at approximately 1:38 P.M., was advised of the Miranda rights and began the booking process. At

approximately 1:50 P.M., the defendant was presented with a "statutory rights and consent" form, which contained "[operating while under the influence] rights." The form described her right to a physician under G. L. c. 263, § 5A,[6] her right to make a telephone call under G. L. c. 276, § 33A[7], a request to submit to a chemical test under G. L. c. 90, § 24, and a notice to persons holding a commercial driving license. The defendant was advised by police officers of her statutory right to make a telephone call under G. L. c. 276, § 33A, and was asked by police to submit to a breathalyzer test at approximately 1:51 P.M. At first, the defendant refused to take the breathalyzer test, but she subsequently consented after three to four minutes

---

[6] General Laws c. 263, § 5A, states in relevant part: "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him."

[7] General Laws c. 276, § 33A, states: "The police official in charge of the station or other place of detention having a telephone wherein a person is held in custody, shall permit the use of the telephone, at the expense of the arrested person, for the purpose of allowing the arrested person to communicate with his family or friends, or to arrange for release on bail, or to engage the services of an attorney. Any such person shall be informed forthwith upon his arrival at such station or place of detention, of his right to so use the telephone, and such use shall be permitted within one hour thereafter."

and performed the test after the appropriate observation time.[8] She completed the test at approximately 2:18 P.M. She had a blood alcohol level above .08.

2. Discussion. The defendant argues she has a right to counsel under the Sixth Amendment and art. 12 because, after the 2003 amendments to G. L. c. 90, § 24, and the creation of a "per se" violation theory, the decision whether to submit to a breathalyzer test is a critical stage in the criminal proceedings. The defendant asserts that because breathalyzer results can be used as the sole basis (with proof of operation on a public way) for a conviction of operating while under the influence of alcohol, the decision whether to submit to a breathalyzer test can have a significant impact on trial strategies and available defenses, rendering the decision a critical stage in the proceedings.

In Brazelton, 404 Mass. at 785, prior to the 2003 amendments, this court concluded that the decision whether to submit to a breathalyzer test was not a critical stage in the criminal process. We explained that the statutory right of access to a telephone within one hour upon arrival at the police station and the statutory right to be examined by a physician of the defendant's own choosing adequately protect a defendant's

---

[8] The administrator of the breathalyzer test must observe the individual for no less than fifteen minutes before administering the test. 501 Code Mass. Regs. § 2.13 (2016).

rights.  Id.  We also recognized the potential practical problems that a right to counsel at the breathalyzer test stage could present, such as the possibility of "stale and inaccurate" results due to a delayed breathalyzer test because counsel is unavailable.  Id.  We now revisit our holding in Brazelton to determine whether the creation of a "per se" violation theory under G. L. c. 90, § 24, transforms the decision whether to submit to a breathalyzer test into a critical stage in the criminal justice process.  We conclude that, despite the creation of a "per se" violation theory, there is no constitutional right to counsel under the Sixth Amendment or art. 12 when deciding whether to submit to a breathalyzer test.

The Sixth Amendment and art. 12 provide criminal defendants the right to counsel at all "critical stages" of the prosecution.  United States v. Wade, 388 U.S. 218, 224, 236-237 (1967); Commonwealth v. Woods, 427 Mass. 169, 174 (1998).  In Kirby v. Illinois, 406 U.S. 682 (1972), the Supreme Court of the United States qualified the Sixth Amendment critical stage analysis by concluding that a right to counsel does not attach until "at or after the initiation of adversary judicial criminal proceedings -- whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."  Id. at 684, 689-690 (plurality opinion) (right to counsel does not attach to postarrest, preindictment police station showup).  The Supreme

Court's holding in Kirby has been consistently adhered to in subsequent cases.  See e.g., Montejo v. Louisiana, 556 U.S. 778, 786 (2009) ("Under our precedents, once the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings"); Rothgery v. Gillespie County, Tex., 554 U.S. 191, 198 (2008); Moran v. Burbine, 475 U.S. 412, 428-429 (1986); United States v. Gouveia, 467 U.S. 180, 187-189 (1984).  "[L]ooking to the initiation of adversary judicial proceedings, far from being mere formalism, is fundamental to the proper application of the Sixth Amendment right to counsel."  Moran, supra at 431.  The initiation of adversary judicial criminal proceedings is when "the government has committed itself to prosecute, and . . . the adverse positions of government and defendant have solidified" and when the "defendant finds himself . . . immersed in the intricacies of substantive and procedural criminal law."  Kirby, supra at 689 (plurality opinion).  The Supreme Court has held that postindictment lineups, postindictment interrogation by the State, plea hearings, and arraignments are critical stages where the Sixth Amendment right to counsel attaches.  See Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012) (listing critical stages); Montejo, supra at 786 (interrogation by State); Iowa v. Tovar, 541 U.S. 77, 87 (2004) (plea hearing); Wade, supra at 236-237

(postindictment lineup). It is well settled that the right to counsel under the Sixth Amendment does not attach until the occurrence of critical stages at or after the initiation of adversary judicial proceedings, whether that be by formal charge, preliminary hearing, indictment, information, or arraignment. Kirby, supra. The breathalyzer test is administered postarrest but before the initiation of adversary judicial proceedings. Therefore, under the Sixth Amendment, there is no right to counsel at the time a defendant is deciding whether to submit to a breathalyzer test.[9]

Similarly, under art. 12, our precedents consistently have held that the right to counsel "attaches at the time judicial proceedings are commenced." Commonwealth v. Anderson, 448 Mass.

_____

[9] The Supreme Court of the United States recently held that conducting a breathalyzer test without a warrant does not violate the prohibition under the Fourth Amendment to the United States Constitution against unreasonable searches. Birchfield v. North Dakota, 136 S. Ct. 2160, 2184 (2016). Analyzing under the search incident to arrest doctrine, the Court held that a breath test does not "implicat[e] significant privacy concerns" and the State has a need to conduct breathalyzer tests to combat drunken driving (citation omitted). Id. at 2174, 2176, 2178-2179. In North Dakota and Minnesota, the two States where the facts arose in this case, a refusal to submit to a breathalyzer test (or a blood test) would subject the individual to criminal penalties. See id. at 2169-2170; Minn. Stat. § 169A.20, subdivisions 2-3 (2016), unconstitutional as applied by State v. Thompson, 873 N.W.2d 873 (Minn. Ct. App. 2015); N.D. Cent. Code § 39-20-01 (2016), unconstitutional as applied by Birchfield, supra at 2184. In Massachusetts, an individual is subject to only civil penalties. G. L. c. 90, § 24 (1) (f) (1).

548, 553-554 (2007). See Commonwealth v. Celester, 473 Mass. 553, 567 (2016); Commonwealth v. Caldwell, 459 Mass. 271, 287 (2011) ("formal adversary proceedings [had not] commenced against him, so his right to counsel under the Sixth Amendment or art. 12 had yet to attach"); Lavallee v. Justices in the Hampden Superior Court, 442 Mass. 228, 234-235 (2004) ("The right to trial counsel under art. 12 attaches at least by the time of arraignment"); Commonwealth v. Patterson, 432 Mass. 767, 776 n.10 (2000) ("The defendant's Sixth Amendment and art. 12 rights to the effective assistance of counsel did not attach until . . . arraignment"); Commonwealth v. Griffin, 404 Mass. 372, 374 (1989) ("a person's right to assistance of counsel under both the Sixth Amendment . . . and art. 12 . . . attaches only from the time that adversary judicial proceedings have been initiated"); Jiles v. Department of Correction, 55 Mass. App. Ct. 658, 665 (2002). Specifically, "[t]his court has held, '[t]here is no authority for the proposition that the right to counsel under the Sixth and Fourteenth Amendments . . . or under art. 12 . . . arises prior to arraignment, even though a criminal complaint and an arrest warrant have issued.'" Commonwealth v. Beland, 436 Mass. 273, 285 (2002), quoting Commonwealth v. Ortiz, 422 Mass. 64, 67 n.1 (1996). See Commonwealth v. Jones, 403 Mass. 279, 286 (1988). The right to counsel under art. 12 attaches at a motion to suppress hearing,

a probable cause hearing, and sentencing. Lavallee, supra at 235 n.13 (probable cause hearing and sentencing); Commonwealth v. Johnson, 80 Mass. App. Ct. 505, 510-511 (2011) (motion to suppress hearing). Because the decision whether to submit to a breathalyzer test takes place before the initiation of formal judicial proceedings, we conclude that there is no right to counsel at the breathalyzer stage under art. 12.

We acknowledge that the decision whether to submit to a breathalyzer test is an important tactical decision for the defendant. See Commonwealth v. McCoy, 601 Pa. 540, 543, 546 (2009). This decision, however, occurs at the evidence gathering stage, before the Sixth Amendment or art. 12 right to counsel attaches. The Supreme Court in Wade, 388 U.S. at 227-228, explained that "preparatory steps, such as systematized or scientific analyzing of the accused's fingerprints, blood sample, clothing, [and] hair . . . are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial." We cannot say that the defendant is "immersed in the intricacies of substantive and procedural criminal law" when deciding whether to submit to a breathalyzer test. Kirby, 406 U.S. at 689 (plurality opinion). The term "critical stage" is a term of art and only refers to actions and events postindictment or arraignment. The decision whether to submit to a breathalyzer

is an important decision, but it is not a critical stage because the decision occurs before indictment and arraignment.

The defendant cites to a variety of cases from different jurisdictions to support her argument. We do not find these cases persuasive.[10] Our decision is in line with the vast majority of jurisdictions that have addressed this issue. The Supreme Court of the United States in <u>Nyflot</u> v. <u>Minnesota Comm'r</u>

---

[10] The defendant relies on <u>Heles</u> v. <u>South Dakota</u>, 530 F. Supp. 646, 652 (D.S.D.), vacated as moot by 682 F.2d 201 (8th Cir. 1982); <u>People</u> v. <u>Gursey</u>, 22 N.Y.2d 224, 227-228 (1968); <u>Forte</u> v. <u>State</u>, 686 S.W.2d 744, 754 (Tex. Ct. App. 1985), aff'd in part, rev'd in part, 707 S.W.2d 89 (1986); <u>State</u> v. <u>Welch</u>, 135 Vt. 316, 321-322 (1977); and <u>State</u> v. <u>Fitzsimmons</u>, 93 Wash. 2d 436, vacated by 449 U.S. 977 (1980), to support her argument that other jurisdictions have found a Sixth Amendment right to counsel. We are not persuaded. <u>Heles</u> subsequently was vacated as moot, and therefore has little precedential value. Additionally, a later New York appellate opinion clarified <u>Gursey</u>, explaining that the court relied on a State statutory right to counsel when concluding that there is a right to counsel. See <u>People</u> v. <u>Washington</u>, 23 N.Y.3d 228, 232 (2014). In <u>Forte</u>, after numerous remands and appeals, the Texas Court of Criminal Appeals concluded that there was no right to counsel under the Federal or State Constitution. <u>Forte</u> v. <u>State</u>, 759 S.W.2d 128, 139 (Tex. Crim. App. 1988), overruled by <u>McCambridge</u> v. <u>State</u>, 778 S.W.2d 70, 75-76 (Tex. Crim. App. 1989), cert. denied 495 U.S. 910 (1990) (clarifying right to counsel attaches after formal charges are brought against defendant, rejecting <u>Forte</u>'s case-by-case basis). The decision in <u>Welch</u> is questionable as in <u>State</u> v. <u>Lombard</u>, 146 Vt. 411, 414 (1985), the court concluded that, "[a]pplying the critical stage analysis, we are not persuaded that the decision to take or refuse to take a breath test implicates the defendant's right to counsel under the federal constitution." However, the <u>Welch</u> decision was codified in Vt. Stat. Ann. tit. 23, § 1202 (2016), providing a limited statutory right to counsel at the breathalyzer test stage. Last, the Washington Supreme Court on remand in <u>Fitzsimmons</u> clarified that its holding was based solely on State statutory principles. <u>State</u> v. <u>Fitzsimmons</u>, 94 Wash. 2d 858, 858-859 (1980).

of Pub. Safety, 474 U.S. 1027, 1029 (1985), addressed whether a defendant had a Sixth Amendment right to counsel before deciding whether to consent to a blood alcohol test. Id. at 1029. Below, the Minnesota Supreme Court had concluded that there was no right to counsel under the Sixth and Fourteenth Amendments. Id. at 1028-1029. See Nyflot v. Commissioner of Pub. Safety, 369 N.W.2d 512, 515-517 (Minn. 1985). The United States Supreme Court dismissed the appeal for want of a substantial Federal question.[11] Nyflot, supra at 1027. The majority of State courts have held that a defendant's Sixth Amendment right to counsel does not attach prior to the defendant's decision whether to submit to a breathalyzer test.[12,13] Only three State courts have

---

[11] "[D]ismissals for want of a substantial federal question without doubt reject the specific challenges presented in the statement of jurisdiction and do leave undisturbed the judgment appealed from. They do prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." Mandel v. Bradley, 432 U.S. 173, 176 (1977).

[12] See, e.g., Nyflot v. Minnesota Comm'r of Pub. Safety, 474 U.S. 1027, 1029 (1985) ("Most of the courts that have considered this issue have rejected the argument that the Sixth Amendment right to counsel covers the stage at which the decision whether to consent to the blood alcohol test must be made); Hill v. State, 366 So. 2d 296, 308-309 (Ala. Crim. App. 1978) (no constitutional or statutory right to consult with attorney before deciding whether to submit to chemical test); Wells v. State, 285 Ark. 9, 12 (1985); State v. Cichowski, 203 Conn. 97, 102 (1987); State v. Hoch, 500 So. 2d 597, 599 (Fla. Dist. Ct. App. 1986); Rackoff v. State, 281 Ga. 306, 308-309 (2006); Matter of McNeely, 119 Idaho 182, 186-187 (Ct. App. 1990) (blood alcohol content testing is not critical stage in underlying criminal proceedings); People v. Okun, 144 Ill. App. 3d 1066,

held that a defendant possesses a State constitutional right to

---

1070 (1986); State v. Vietor, 261 N.W.2d 828, 830 (Iowa 1978); State v. Bristor, 236 Kan. 313, 321-322 (1984); State v. Jones, 457 A.2d 1116, 1120 (Me. 1983); Sites v. State, 300 Md. 702, 712, 717 (1984) (no right to counsel under Sixth Amendment, but due process under Fourteenth Amendment was violated); Holmberg v. 54-A Judicial Dist. Judge, 60 Mich. App. 757, 759-760 (1975); McDonnell v. Commissioner of Pub. Safety, 473 N.W.2d 848, 853 (Minn. 1991) (no right to counsel under Sixth Amendment but right to counsel exists under State Constitution); State v. Foster, 959 S.W.2d 143, 146 (Mo. Ct. App. 1998); State v. Armfield, 214 Mont. 229, 232-233, 235 (1984), abrogated by State v. Reavley, 318 Mont. 150, 162-163 (2003) (clarifying right to counsel attaches at initiation of formal proceedings); State v. Petkus, 110 N.H. 394, 397 (1970), cert. denied, 402 U.S. 932 (1971); State v. Leavitt, 107 N.J. 534, 536 (1987); State v. Howren, 312 N.C. 454, 455-457 (1984); Lakewood v. Waselenchuk, 94 Ohio App. 3d 684, 687-689 (1994) (no Sixth Amendment right to counsel but violation of constitutional right to due process under Fourteenth Amendment); Flynt v. State, 507 P.2d 586, 588-589 (Okla. Crim. App. 1973); Commonwealth v. McCoy, 601 Pa. 540, 547 (2009); Dunn v. Petit, 120 R.I. 486, 492 (1978); State v. Degnan, 305 S.C. 369, 370-371 (1991); State v. Frasier, 914 S.W.2d 467, 469 (Tenn. 1996); Forte, 759 S.W.2d at 139; Law v. Danville, 212 Va. 702, 703 (1972); Lombard, 146 Vt. at 414; State v. Neitzel, 95 Wis. 2d 191, 198 (1980); Mogard v. Laramie, 32 P.3d 313, 315 (Wyo. 2001).

[13] Several State courts concluded there is no Sixth Amendment right to counsel before a breathalyzer test because the proceedings arising under the State's implied consent statute are civil in nature, involving license suspension or revocation.  See, e.g., State v. Severino, 56 Haw. 378, 380-381 (1975) ("Actions taken under the implied consent law, however, are civil in nature, and hearings before a district judge, pursuant to statute, are in the nature of administrative proceedings"); Davis v. State, 174 Ind. App. 433, 437-438 (1977) ("In the case at bar this court has before it only issues which pertain to the administrative proceedings which occurred in the trial court"); Blow v. Commissioner of Motor Vehicles, 83 S.D. 628, 634-635 (1969) ("Blood tests are part of a civil and administrative proceeding and the petitioner was not entitled to counsel"); State v. Berry, 165 W. Va. 783, 785-786 (1980).  The Sixth Amendment is only applicable to criminal prosecutions and, therefore, does not apply.  Severino, supra.

counsel when deciding whether to submit to a breathalyzer test.[14]

See <u>Sites</u> v. <u>Maryland</u>, 300 Md. 702, 717-718 (1984); <u>Friedman</u> v.

---

[14] In <u>Sites</u>, 300 Md. at 717, the Maryland Court of Appeals explained that an individual faced with taking a breathalyzer test has the choice between two different sanctions and each sanction affects an important interest. Given this choice, the court thought it would be unreasonable to deny an opportunity to consult with counsel because it would affect the fairness of the proceedings. <u>Id</u>. Therefore, the Maryland court concluded that under art. 24 of the Maryland Declaration of Rights and the Fourteenth Amendment, a person must be given a reasonable opportunity to consult with an attorney before submitting to a chemical sobriety test. <u>Id</u>. We do not find the court's holding persuasive. We acknowledge that the decision whether to submit to a breathalyzer test is an important one. However, we also conclude that the defendant has rights that protect against the potential for unfair results. Additionally, in <u>Motor Vehicle Admin</u>. v. <u>Deering</u>, 438 Md. 611, 630-631 (2014), the Court of Appeals of Maryland cast doubt on <u>Sites</u>'s due process analysis insofar as <u>Sites</u> held that there is a right to counsel under the Fourteenth Amendment because of the Supreme Court's decision in <u>Nyflot</u>. The Maryland Court noted that the Supreme Court was advised of the due process analysis in <u>Sites</u> and dismissed for want of a substantial federal question. <u>Deering</u>, <u>supra</u> at 630 n.22.

In <u>Friedman</u> v. <u>Commissioner of Pub. Safety</u>, 473 N.W.2d 828, 832-833, 837 (Minn. 1991), the Supreme Court of Minnesota held that under art. I, § 6, of the Minnesota Constitution, there is a right to counsel when deciding whether to submit to a breathalyzer test. The court adopted the definition of "critical stage" articulated in <u>Gerstein</u> v. <u>Pugh</u>, 420 U.S. 103, 122 (1975), which states that critical stages are "those pretrial procedures that would impair defense on the merits if the accused is required to proceed without counsel." <u>Friedman</u>, <u>supra</u> at 833, quoting <u>Gerstein</u>, <u>supra</u>. By adopting this definition, the court concluded that deciding whether to submit to a breathalyzer is a "critical stage" and the right to counsel under the Minnesota Constitution applies. <u>Friedman</u>, <u>supra</u>. We reject this argument because our courts, as previously stated in this opinion, have consistently interpreted the right to counsel under art. 12 as attaching at the time of formal proceedings.

Commissioner of Pub. Safety, 473 N.W.2d 828, 832 (Minn. 1991);

State v. Spencer, 305 Or. 59, 74-75 (1988).

The majority of State courts that have concluded that a defendant has a right to counsel when deciding whether to submit to a breathalyzer test based their conclusion on a State statutory right. See, e.g., Copelin v. State, 659 P.2d 1206, 1208 (Alaska 1983); State v. Vietor, 261 N.W.2d 828, 831-832 (Iowa 1978) (limited statutory right to counsel); Commonwealth v. Bedway, 466 S.W.3d 468, 474 (Ky. 2015); State v. Foster, 959 S.W.2d 143, 146 (Mo. Ct. App. 1998); People v. Washington, 23 N.Y.3d 228, 232 (2014); State v. Howren, 312 N.C. 454, 455-456 (1984) (limited statutory right to counsel); Kuntz v. State Highway Comm'r, 405 N.W.2d 285, 287 (N.D. 1987); Lakewood v. Waselenchuk, 94 Ohio App. 3d 684, 688 (1994); State v. Fitzsimmons, 94 Wash. 2d 858, 858 (1980). No such statutory right exists in the Commonwealth.

---

Similarly, the Supreme Court of Oregon held that "[a] person taken into formal custody by the police on a potentially criminal charge is confronted with the full legal power of the state, regardless of whether a formal charge has been filed." State v. Spencer, 305 Or. 59, 74-75 (1988). Therefore, the court concluded that under art. I, § 11, of the Oregon Constitution, an individual has the right to a reasonable opportunity to consult with an attorney. Id. Again, we have consistently interpreted the right to counsel under art. 12 to attach after the initiation of formal proceedings. Therefore, we do not find this case persuasive.

The defendant also argues that a critical stage occurs when a defendant's rights could be sacrificed or lost.[15]  There is no right at risk of being sacrificed while deciding whether to submit to a breathalyzer test because the defendant already consented to the breathalyzer test by virtue of driving within the Commonwealth.  See G. L. c. 90, § 24 (1) (f) (1).  Although there is no Sixth Amendment or art. 12 right to counsel when a defendant is deciding whether to submit to a breathalyzer test, there is no doubt that this is an important question with various consequences depending on the defendant's decision.  However, the decision can be made by a defendant and does not amount to a critical stage in the criminal process.  Here, before the defendant took the test, she was informed of her rights to a telephone call under G. L. c. 276, § 33A, and to a physician under G. L. c. 263, § 5A, and of the consequences of refusing the breathalyzer test by the statutory rights and consent form.  She also was informed by the form that if she submitted to the breathalyzer test and her blood alcohol level was .08 or above, she would be "in violation of Massachusetts

---

[15] The reported question asks only whether the decision to take a breathalyzer test is a critical stage of the criminal process to which the right to counsel attaches. The crux of the defendant's due process argument is similar.  That is, she argues that the decision whether to submit to a breathalyzer is a critical stage.  We have already concluded that the decision whether to submit to a breathalyzer is not a critical stage.  Therefore, we do not reach the defendant's due process argument under the Fourteenth Amendment.

law and may face criminal penalties."  These rights provide adequate protection against the potential for unfair results.

We conclude, as we did in <u>Brazelton</u>, that there is no right to counsel under the Sixth Amendment or art. 12 at the time an individual is deciding whether to submit to a breathalyzer test. Therefore, the answer to the reported question is "no."  We remand the case to the District Court judge for further proceedings consistent with this opinion.

<u>So ordered</u>.